### Rat Jeanes v. The State.

#### No. 794.   Decided November 30, 1910.

**Aggravated Assault—Officer—Premeditated Design—Great Bodily Injury.**

Where, upon trial of aggravated assault, the information alleged that the injured party was an officer in the discharge of his duties, and the evidence did not support this allegation, but showed that the circumstances of aggravation consisted in premeditated design and an assault by ·means used calculated to inflict great bodily injury, the conviction could not be sustained.

Appeal from the County Court of ·Sabine. ·Tried below before the Hon. J. H. McGown.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was convicted of an aggravated assault and his punishment assessed at a fine of $100.

The information in this case contains three counts. The first count charges an aggravated assault with a deadly weapon by striking and beating David J. Williams. The second count charges an aggravated assault because the same was committed upon said Williams, the said Williams being then and there constable of precinct No. 6, of Sabine County, Texas, and then and there in the lawful discharge of the duties of his office, and the defendant being informed and knowing that fact. The third count charges an assault committed with premeditated design and by the use of means calculated to inflict great bodily injury. The court only submitted the second count to the jury. Appellant requested a special instruction to the effect that they could not find defendant guilty of an aggravated assault upon the said Williams, a peace officer, unless they believe that at the time of the assault Williams was in the act of performing some official duty, and unless they so believed they will acquit. This charge was refused by the county judge and properly excepted to and complained of in motion for a new trial.

In the trial of the case the evidence discloses that the witness Williams was constable of precinct No. 6, of Sabine County. That on the 6th day of April, 1910, he had carried some prisoners from the town of Bronson to Hemphill and put them in the county jail. That he returned to Bronson late in the afternoon of the same day, and just as he was driving into the edge of the town of Bronson he saw a buggy with two or three parties in it. That they stopped, had some conversation, when defendant requested Williams to step out a short distance, that he wanted to see him. Williams got out of his buggy and stepped off a short distance and had some words with the defendant, defendant's brother standing by, when the defendant struck him over the head with a pistol, which defendant held in his left hand. Williams said he did not knock him down, but knocked him to his knees, and that defendant continued to strike him several licks, he thought five or six licks. He said the skin was split open some four or five inches on his head. He said the pistol was fired once, and he could not tell whether it was intentionally fired or went off while defendant was striking him. That he clinched the defendant and they had quite a scuffle there, when defendant's brother interfered, assisting defendant. He said the blows on the head with the pistol made him sick and blind for a while. He said he was not seriously wounded in the fight that night; that the worst injury he received was from the blow struck with the pistol, and that he did not suffer any serious consequences from the wounds received. This is a sufficient statement of the facts to illustrate the points in the case.

Our Penal Code provides that an assault and battery becomes aggravated when committed under any of the following circumstances : "1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty. 2. When a serious bodily injury is inflicted upon the person assaulted. 3. When committed with deadly weapons under circumstances not amounting to an intent to murder or maim. 4. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

We are of opinion that appellant could not be convicted of an aggravated assault by reason of the assault being committed upon Williams as an officer, because the facts fail to show that at the time of the assault he was in the discharge of the duties of his office. We are of opinion that to make defendant guilty under this count in the indictment, three things would have to be established: First, the assault; second, that he was an officer in the discharge of his duties, and, third, that the assault must be made as an interruption of his official duties. The proof wholly fails to show that in contemplation of the statute the assaulted party was an officer in the discharge of his duties at the time of the assault, and the court should have given the special charge requested by appellant to the effect that if he was not an officer in the discharge of his duties that they would acquit. The case should have been submitted to the jury on the count in the indictment on the charge of assault committed on premeditated design by the use of means calculated to inflict great bodily injury.

For the failure of the court to submit the case to the jury on the issues raised by the testimony, and in giving the charge he did in regard to an assault upon an officer, and failing to give appellant's special requested instructions on that issue, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*