## Will Curlin v. The State.

### No. 5298.   Decided February 19, 1919.

**Aggravated Assault—Insufficiency of the Evidence.**

Where the complaint and information alleged an aggravated assault upon a justice of the peace, an officer then and there in the lawful discharge of his duties of his office as said officer, but the proof showed that he was going to his office to leave some papers there before rejoining his client, who was waiting in an automobile, to go to the country to look at land, and there was no evidence that he was discharging any official duty at the time, or attempting to do so, the conviction could not be sustained. Following Jeanes v. State, 60 Texas Crim. Rep., 440, and other cases.

Appeal from the County Court of Montague.   Tried below before the Hon. Homer B. Latham.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*W. T. Russell,* for appellant.—Cited cases in the opinion.

*E. A. Berry,* Assistant Attorney General, and *J. E. Hall,* County Attorney, for the State.—Cited Milstaid v. State, 19 Texas Crim. App., 490.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $25.

The charging part of the affidavit alleges that "one Will Curlin did in and upon Henry M. Burns make an aggravated assault, the said Henry M. Burns being then and there an officer, towit: justice of the peace for precinct No. 7 of Montague County, Texas, the officer being then and there in the lawful discharge of the duties of his office, as said officer, which fact was then and there known to the said Will Curlin, against the peace and dignity of the State."

As we view the record it is unnecessary to notice but one question, and that is the contention of appellant that the evidence is not suffi-

cient to sustain the charge that Burns was in the discharge of his duties as justice of the peace. He says on the 6th of February, 1918, on the streets of Nocona, near his office, he had a difficulty with appellant; that he was going along the street in the direction of his office and met the defendant and his father, John Curlin, coming up the street; that appellant asked him if he was going to issue those papers against his mother. "I said, 'Yes,' it will be my duty to issue the papers, but that I was going to investigate, and if there was nothing in the case I would dismiss it. He then hit me and knocked me down. And I got up. And while I was down he said something and cursed me. I do not just remember now what he said. Some one pulled him off, and I got up and he said 'Now are you going to issue those papers?' I do not remember just what I said, whether I said I'll see or no, something of that kind. Was on my way to my office and had some papers in my hands, and they were coming up the street and met me along in front of the Farmers Union Store." He further testified, "the day before this occurrence, John Curlin was in my office, and asked me about the case of Mrs. Curlin, his wife, and I told him that one of the daughters of Mrs. Milligan had sworn to a complaint against his wife, charging his wife with abusive language toward her mother. I told him that I had not yet issued any warrant and that I would investigate the matter." On cross-examination he said: "At the time defendant hit me I was not at my office, but was coming along down the street toward my office to leave some papers that I had got out of the postoffice, before going to show a man some land I had to sell. I am in the real estate business some. I had left the automobile where the man was, to go down to my office to leave some papers. I don't know that I was performing any duty required of me as justice of the peace at the time the defendant struck me with his fist. I was going to my office to leave the papers, as I have stated, and met them coming from toward my office, and they began to talk to me about the case." He also testified he ran a newspaper office, and it was there where he was going to leave the papers; that he had no place of office except the one mentioned.

A witness named Goodspeed testified he was city marshal of Nocona and arrested the defendant, who plead guilty in the city court at Nocona; that he had a conversation about the matter, and asked him what made him hit Burns, and told him he could break him in two at one lick; that it was just like hitting a woman, and that appellant said: "He just made me so damn mad that he just hit him," and that he did not like Burns anyway. On cross-examination he stated further that appellant said he was mad with Burns because he had filed a complaint against his mother, and bringing her into court with that bunch of women; that he did not want her mixed up in court with that bunch of women as they were of bad reputation. This is the case in a nutshell from the State's standpoint.

The question turned upon whether this is sufficient evidence to show that the assault was made upon a justice of the peace in the discharge

of his duties. We are of opinion the facts are not sufficient to sustain that allegation. In order to constitute this offense three things must be established: "(1) The assault; (2) that he was an officer in the discharge of his duties, and (3) that the assault must be made as an interruption of his official duties." There is no evidence that Burns was discharging any official duty at the time or attempting to discharge any such duty. On the contrary, the State's evidence shows that he was not, but was going to his office to leave papers he had gotten out of the postoffice before rejoining his client who was waiting in an automobile to go to the country to look at land. See Jeanes v. State, 60 Texas Crim. Rep., 440; Williams v. State, 64 Texas Crim. Rep., 491; Nickerson v. State, 69 Texas Crim. Rep., 659. This evidence, viewed in the light of the cases above cited, in our opinion, does not show an assault upon an officer in the discharge of his duties. The evidence for defendant is not mentioned.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*