# MAY 28, 1941

ALTON BIRDETTE V. THE STATE.

No. 21548. Delivered April 9, 1941.
Rehearing Denied May 28, 1941.

The opinion states the case.

*Williams & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

BEAUCHAMP, Judge.

Appellant was charged by indictment with aggravated as-

sault upon, "John Wray then and there being an officer, * * * * and then and there in the lawful discharge of the duties of said office, etc."

The case was submitted to the jury, who found him guilty and assessed a penalty of $25.00. The charge is laid under Sec. 1, Art. 1147 of the Penal Code, and the act is alleged to have been committed on October 22, 1939, at about 2 o'clock in the morning.

It appears from the evidence that the appellant and one of his brothers had been out of the city and returned at this time of the night and learned from a filling station operator that their brother had been involved in some trouble several hours prior thereto. Desiring more information on the subject, it is the defense theory that they went to find John Wray, a night-watchman, for the purpose of getting information about the trouble in which their younger brother was reported to have been involved. John Wray, in behalf of the State, testified that he was a nightwatchman employed by the city and merchants, the city paying a part of his salary and the merchants the rest. At the time the trouble arose he was walking along a street in the discharge of his duties as nightwatchman when he saw appellant and his brother walking some distance away. He stepped to one side to let them pass and one of the boys accused him of beating up his brother, Troy. At this time they were close to him and, "they had their fists doubled up." He further testifies, "I saw what they were going to do and I reached for my billy. They hit me and knocked me down before I could get my billy. * * * I pulled my gun out and shot at Travis * * *." The witness further testified that he pulled the trigger and shot at both of them and intended to kill them. It appears further that the two brothers succeeded in taking his gun away from him and then walked away. The witness says he was in the discharge of his duties as nightwatchman when this took place, but there is no statement that the appellant assaulted him for the purpose or did interrupt him in the performance of his duties, it appearing from the testimony of this witness that they made the attack because of what he had done in beating up their brother the evening before. At least, that is the inference which the witness gives. The witness further states that he was not a commissioned officer; that he did not take the oath of office; that he had filed a bond when he first went to work four or five years before, but the character and purpose of the bond to which he refers is not

given. He says, however, that the city council at that time gave him authority to make arrests; that Horace Webb, to whom he apparently refers as giving him authority, had since died.

As the appeal is presented, we are confronted with the question as to whether or not the proof under the allegations shows the commission of an aggravated assault upon an officer. The mayor of the city testifies in behalf of the defendant that he was the only person authorized to administer the oath of office to policemen of the city of Dublin, and that he had never administered any to nightwatchman Wray; that he had never instructed him to take drunks to Stephenville, "but to act as nightwatchman only and such duties were to watch for fires and burglaries." He says that Wray made bond the first year; that he was appointed for a year at a time and never made bond after the first year.

In order to constitute the offense alleged it was necessary for the State to prove—first, an assault; second, that Wray was an officer in the discharge of his duties; and, third, that the assault was made as an interruption of his official duties. (Jeanes v. State, 132 S. W. 352; Williams v. State, 142 S. W. 889, and Curlin v. State, 209 S. W. 666.) It is our view that the State has failed to prove at least two of the three elements sufficiently and under circumstances which would warrant a conviction. In the first place, the prosecuting witness testifies of the approach of appellant with his fist doubled up, but there is no indication of any gesture or threatening motion or word spoken indicating an assault or attempt to do so until the witness reached for his billy. If he be an officer he had no official duty to perform at that time regarding them, and the appellant had a right to prevent the attack which witness Wray admits that he was attempting to make, and there is nothing in the evidence to indicate that they did more than prevent him. The watchman failed to get his billy, but secured his gun and shot at both the appellant and his brother, striking one in the abdomen and the bullet passing through the trousers leg of the other. He intended to kill, so he asserts. They took the pistol away from him and this ended the conflict. They walked away. They had a perfect right to do everything they did, as shown by the prosecuting witness' own testimony.

We are further of the opinion that the evidence fails to show that the witness Wray was an officer acting in the performance of an official duty. As to the third element, even if

Wray had been an officer, he had defined his duty as that of a watchman looking for fires and burglaries. There is no indication in the evidence that appellant and his brother interrupted him in the performance of these duties, or that they intended to do so. On this question the evidence is wholly lacking. See Curlin v. State, supra.

Because of the insufficiency of the evidence the judgment of the trial court is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing in this case and we have been caused to further examine the record.

Without receding from the original opinion written in this cause, we have discovered from the record a fatal defect not pointed out by the appellant. The indictment contains three separate and distinct counts, either of which might be punishable by a fine of $25.00. The jury returned its verdict finding the defendant guilty without saying whether they found him guilty of simple assault or aggravated assault, and assessed a penalty of $25.00. Under the well settled rule the court could not enter a valid judgment on this verdict. (Branch's Annotated Penal Code, Sec. 1595, and authorities there cited.

For this additional reason, the judgment of the trial court should be reversed. Consequently, the State's motion for rehearing is overruled. In so doing it is specifically stated that we adhere to the original opinion.