THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO SANTIAGO ROSADO, Defendant and Appellant.

No. 12566. Argued November 3, 1947.—Decided December 2, 1947.

*G. Concepción de Gracia* and *Herminio A. Concepción* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Alfonso Santiago Rosado was accused and convicted, in the Municipal Court of San Lorenzo, of aggravated assault and battery and sentenced to two years in jail. He appealed, and after a trial *de novo,* the District Court of Humacao found him guilty also, but sentenced him to eight months in jail. Feeling aggrieved, the defendant took the present appeal and in his brief contends that the lower court erred in not finding that the Acting Judge, who tried the case in the municipal court, did not have a valid appointment, in failing to reduce the degree of the offense to one of simple assault and battery, and in imposing on the defendant the excessive penalty of eight months' imprisonment in jail.

■■ The first assignment is based on the fact that, since the Judge of the Municipal Court of San Lorenzo disqualified himself in the present case (because he had been the person assaulted by the defendant), Hon. Manuel A. Pérez, Acting Governor of Puerto Rico, appointed the Municipal

Judge of Humacao to sit in the Court of San Lorenzo, and it is argued by the appellant that, since the appointment of Mr. Pérez as Acting Governor was void because it had been made by the Secretary of the Interior and not by the President of the United States, as provided by our Organic Act, the appointment made by him of the Municipal Judge of Humacao was likewise void.

To support his contention appellant refers in his brief to certain documentary evidence introduced in the lower court, which consisted in certificates issued by the United States Department of the Interior. This evidence has not been sent up by appellant [1] herein and therefore we are not in a condition to consider and dispose of the error assigned. In deciding this question, the lower court stated that "Upon examining the certificates presented in evidence and admitted by the court, the appointment of Mr. Manuel A. Pérez, as Governor of Puerto Rico, was made in accordance with the law . . ." and consequently he had authority to appoint, as he did appoint, the substitute Judge of San Lorenzo. There is nothing in the record to justify our disturbing the conclusion of the trial court.

■ For a better understanding of the second assignment of error, we must examine the complaint and the evidence. The defendant was charged in the complaint with having assaulted Attorney José A. Hernández Pérez, Municipal Judge of San Lorenzo, when the latter entered the clerk's office in the court to obtain certain printed forms for affidavits, whereupon the defendant struck him in the left eye and inflicted injuries on his lip and bit him in the right hand. It was alleged that the aggravating circumstance consisted "in that the assault was made in the office of the clerk of the municipal court, within the building which it occupies, at the time

---

[1] By an order of July 31, 1947, we refused to order the clerk of the lower court to send up certain transcripts of the evidence, inasmuch as it is incumbent on every appellant to take steps and procure from the lower court the transcript of the evidence which he might need in his appeal.

that the prosecutor was discharging official duties as municipal judge of that town, all of which was known to the defendant.''

The evidence for the prosecution, the only one presented at the trial, because the defendant did not introduce any, showed that on April 8, 1946, while Mr. José A. Hernández Pérez, Municipal Judge of San Lorenzo, was taking sworn statements in his office, by delegation of the district attorney, he went to the clerk's office and procured from the clerk certain printed forms; that Alfonso Santiago Rosado, defendant herein, then approached him and told him that he wanted to plead guilty to an offense with which he had been charged in said court; that the judge answered that as soon as he was through with the investigation which he was carrying out, he would see him in his office where he would attend him; that then and all of a sudden, the defendant assaulted and injured the judge with his hands striking him in the face on the right eye, breaking his glasses and biting him in one hand; that the clerk of the court, Mr. Ramón Iglesias, seized the defendant while Mr. Martín Rivera took hold of the judge. That the defendant knew that Mr. Hernández Pérez was Judge of the Municipal Court of San Lorenzo because on several occasions he had been sentenced by the latter in other cases and knew that at that time he was in the discharge of his office because the judge had told him that he would listen to him when he finished the investigation which he was carrying on.

Section 6 of the Act of May 10, 1904, provides that: ''An assault and battery becomes aggravated when committed under, among others, the following circumstance: ''1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty.''

Appellant argues that the fact that the municipal judge was seeking certain printed form in the office of the clerk

does not mean that he was acting within the scope of his employment as judge, but rather "in a secretarial work, or as messenger," inasmuch as "in the act of procuring some paper no judicial duty is exercised. . . ." He cites *Curlin* v. *State*, 209 S.W. 666, where it was held that "Evidence that defendant accosted a justice, while latter was going from the post office to his office with some papers, before going out to show a man some land, and struck him down on receiving an affirmative answer to question whether the justice was going to issue certain papers in his official capacity, *held* insufficient to show an aggravated assault on an officer in the discharge of his duties."

We do not agree with appellant. The facts in the case at bar are different from those he sets forth and from those in the *Curlin* case, *supra*.

It was true that it was alleged in the complaint that the assault took place when the judge was obtaining from the clerk certain printed forms, but the particulars of the aggravating circumstance were likewise alleged, and the evidence showed that the defendant knew, before the assault, that the judge was carrying on an official investigation and it was in connection with, and in order to continue, said investigation that he went for the printed forms. And all this took place in the offices of the court and during working hours.

The facts in the *Curlin* case, *supra*, took place in the street, at a time when the justice of the peace was not carrying out any work connected with his office. In deciding that the evidence was insufficient, the court said at page 667:

"In order to constitute this offense three things must be established (1) the assault; (2) that he was an officer in the discharge of his duties; and (3) that the assault must be made as an interruption of his official duties."

In our statute an additional element is required, that is, that the assailant should know that the person assaulted is an officer in the discharge of an official duty.

■■ In the present case, all the facts constituting the offense of aggravated assault and battery were alleged and proved and the trial court did not err in refusing to reduce the degree of the offense. There is nothing in the record to justify us in disturbing the discretion of the court in sentencing the defendant to serve eight months in jail, thus reducing the sentence from two years, which the municipal court had originally imposed. *People* v. *Velázquez,* 45 P.R.R. 876.[2]

The judgment is affirmed.

---

[2] Although this case was reversed on appeal—*Velázquez* v. *People,* 77 F. (2d) 431—such reversal was based on jurisdictional grounds and not on the merits.