.EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO
SANTIAGO ROSADO, acusado y apelante.

Núm. 12566:—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 2, 1947.

*G. Concepción de Gracia* y *Herminio A. Concepción,* abogados del
apelante; *Hon. Procurador General Luis Negrón Fernández* y
*J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de
El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del
tribunal.

Alfonso Santiago Rosado fué denunciado y convicto ante
la Corte Municipal de San Lorenzo de un delito de acometi-

miento y agresión con circunstancias agravantes y senten-
ciado a cumplir dos años de cárcel. Apeló y celebrado el
juicio de nuevo la Corte de Distrito de Humacao también
lo declaró culpable pero lo sentenció a cumplir ocho meses de
cárcel. No conforme el acusado, estableció el presente re-
curso y en su alegato sostiene que la corte inferior erró al
no declarar que el Juez Interino de la Corte Municipal que
entendiera en el caso, no tenía nombramiento válido alguno
y al no rebajar la calificación del delito a uno de acometi-
miento y agresión simple e imponiéndole al acusado la pena
excesiva de ocho meses de cárcel.

El primer señalamiento se funda en el hecho de que
habiéndose inhibido el juez en propiedad de la Corte Muni-
cipal de San Lorenzo en el presente caso (por haber sido
él la persona agredida por el acusado), el Gobernador Inte-
rino de Puerto Rico, Hon. Manuel A. Pérez, nombró al Juez
Municipal de Humacao para que actuara en la corte de San
Lorenzo y sostiene el apelante, que siendo nulo el nombra-
miento que ostentaba el Sr. Pérez como Gobernador Interino,
por haber sido hecho por el Secretario del Interior, y no por
el Presidente de los Estados Unidos, según dispone nuestra
Carta Orgánica, también es nulo el nombramiento recaído
en el Juez Municipal de Humacao.

Para sostener su contención el apelante hace referencia
en su alegato a cierta prueba documental, consistente en cer-
tificaciones expedidas por el Departamento del Interior de
los Estados Unidos, que presentó en la corte inferior. Dicha
prueba no ha sido elevada en este recurso por el apelante(¹)
y no estamos por tanto en condiciones de considerar y re-
solver el error señalado. La corte inferior al resolver esta
cuestión hizo constar que "Examinadas las certificaciones
presentadas en evidencia y admitidas por la Corte, el nom-

---

(¹)Por resolución del 31 de julio de 1947 nos negamos a ordenar al secre-
tario de la corte inferior que remitiera cierta transcripción de la evidencia, ya
que corresponde a todo apelante gestionar y obtener en las cortes inferiores las
transcripciones de evidencia que necesite para sostener su recurso.

bramiento del Sr. Manuel A. Pérez como Gobernador de Puerto Rico fué hecho de acuerdo con la ley . . . '' y como consecuencia tenía poder para nombrar como nombró al juez interino de San Lorenzo. Nada hay en el récord que pueda justificar que variemos la conclusión a que llegó la corte sentenciadora.

Para una mejor discusión del segundo señalamiento de error precisa que examinemos la denuncia y la prueba. En la primera se imputó al acusado haber agredido al Lic. José A. Hernández Pérez, Juez Municipal de San Lorenzo, al penetrar éste en la oficina del Secretario de la corte y solicitar ciertos impresos para declaraciones juradas, infiriéndole una bofetada sobre el ojo izquierdo y lesiones sobre el labio y una mordedura en la mano derecha, alegándose que el agravante consistió ''en que la agresión fué realizada en la oficina del Secretario de la Corte Municipal en el edificio que ocupa la corte, en el momento en que el agredido llevaba a cabo funciones de su cargo de juez municipal de este pueblo, de lo cual tenía conocimiento el aquí acusado.''

La prueba de cargo, única presentada en el juicio, pues el acusado no practicó prueba alguna, demostró que el día 8 de abril de 1946 estando el Juez Municipal de San Lorenzo, Sr. José A. Hernández Pérez, por delegación del Fiscal de Distrito, tomando unas declaraciones juradas en su oficina, se trasladó a Secretaría de la corte y solicitó del Secretario ciertos impresos; que en ese momento se le acercó el acusado, Alfonso Santiago Rosado, y le dijo quería declararse culpable de un delito por el que estaba denunciado ante dicha corte y el juez le contestó que tan pronto terminara la investigación que estaba practicando podía pasar por su oficina para atenderlo; que en ese momento y de improviso el acusado acometió y agredió al juez con las manos, dándole una bofetada en la cara, sobre el ojo derecho y rompiéndole los cristales de sus espejuelos; y también le mordió en una mano; que el Secretario de la corte, Sr. Ramón Iglesias, agarró al acusado y el Sr. Martín Rivera sujetó al Juez; que el acu-

sado sabía que el Sr. Hernández Pérez era el Juez de la Corte Municipal de San Lorenzo porque en varias ocasiones había sido sentenciado por éste en otros casos y sabía que en aquel momento estaba en funciones de su cargo por haberle manifestado el Juez que lo atendería cuando terminara la investigación que estaba practicando.

La sección 6 de la Ley de 10 de mayo de 1904 dispone que "Todo acometimiento y agresión será considerado con circunstancias agravantes," entre otros, en el siguiente caso: "1. Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial."

Arguye el apelante que el hecho de haber estado el Juez Municipal solicitando unos impresos en la Secretaría de la corte no constituye estar en el desempeño de un deber oficial como juez y si más bien, "una labor de amanuenses, de mensajeros", ya que "en el acto de ir a buscar unos papeles no se ejercita función alguna judicial . . ." y cita el caso de *Curlin* v. *State,* 209 S.W. 666, en el que se resolvió que "Prueba de que el acusado acosó al juez cuando éste iba del correo para su oficina con un papel, antes de salir con otro hombre a enseñarle unas tierras, y lo derribó al recibir una contestación afirmativa a la pregunta de si el Juez pensaba expedir ciertos documentos en su capacidad oficial, es insuficiente para probar un acometimiento y agresión grave a un funcionario en el desempeño de sus deberes."

No tiene razón el apelante. Los hechos del caso de autos son distintos a como los expone y a los del caso de *Curlin,* supra.

Cierto fué que en la denuncia se alegó que la agresión ocurrió en el momento de solicitar el Juez del Secretario unos impresos, pero también se alegó en qué consistió el agravante, y la prueba demostró que el acusado tuvo conocimiento, antes de la agresión, que el Juez estaba practicando

una investigación oficial y en relación con ella y para poder proseguir en la misma fué que solicitó los impresos. Y todo esto ocurrió en las oficinas de la corte y durante horas laborables.

Los hechos del caso de *Curlin,* supra, ocurrieron en la calle cuando el Juez de Paz no estaba realizando función oficial alguna relacionada con su cargo. Al resolver que la prueba era insuficiente la corte dijo a la página 667:

"Para constituir el delito deben probarse tres hechos (1) la agresión; (2) que era un funcionario en el desempeño de sus deberes; y (3) que la agresión debe ser hecha como una interrupción de sus deberes oficiales."

Y bajo nuestro estatuto se exige un requisito adicional, a saber, el conocimiento del agresor de que el agredido era un funcionario en el desempeño de un deber oficial.

En el caso presente se alegaron y probaron todos los hechos necesarios constitutivos del delito de acometimiento y agresión con circunstancias agravantes y no erró la corte sentenciadora al negarse a rebajar la calificación del delito. Nada encontramos en el récord que pueda justificar que intervengamos con la discreción ejercitada por dicha corte al sentenciar al acusado a cumplir ocho meses de cárcel, rebajando así la de dos años que le había impuesto la corte municipal originalmente. *Pueblo* v. *Velázquez,* 45 D.P.R. 905.(2)

*Debe confirmarse la sentencia apelada.*

---

(2)Si bien este caso fué revocado en apelación—*Velázquez* v. *People,* 77 F.2d 431—lo fué por un motivo jurisdiccional y no por sus méritos.