R. B. CROW V. STATE.

No. 24171. December 1, 1948.
Rehearing Denied January 12, 1949.

Hon. O. L. Parish, Judge Presiding.

*Gib Callaway*, of Brownwood, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Under an indictment charging assault with intent to murder, appellant was convicted of aggravated assault and his punishment assessed at a fine of $500.00.

The conviction rests upon Sec. 1 of Art. 1147, P. C., which makes an assault aggravated when "committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

There exist under this statute three essential elements, which are: first, the assault, second, the injured must be an officer in the discharge of his duties, and, third, the assault must be made as an interruption of his lawful discharge of official duties. Jeanes v. State, 60 Tex. Cr. R. 440, 132 S. W. 352; Birdette v. State, 142 Tex. Cr. R. 72, 150 S. W. (2d) 1035.

It is insisted that the facts are insufficient to support the conviction in that the proof fails to show an assault and if an assault be shown, the sheriff was not at the time engaged in the lawful discharge of the duties of his office.

The alleged injured party was the sheriff of the county.

We state the facts as they appear most favorable from the standpoint of the State.

Appellant was drunk at a public dance hall. The sheriff said to appellant, "Let's go outside," which they did. The sheriff says that at this time he did not have appellant under arrest. Upon

getting outside the hall, the sheriff told appellant "to go on home." Appellant said he was not "bothering anybody." The sheriff told appellant, twice, to go home and as to what then happened we quote from the testimony of the sheriff as follows:

"I told him the third time to go on home. Then, I placed my arm upon his shoulder and told him to get in my car, which was sitting just off the curb. When I placed my hand on his right shoulder he felt right around my waist; so, I put my hand on around his neck and *throwed* him to the ground. When we hit the ground I felt him pulling my gun, which I wear on my left side, pulling my gun from my holster with his right hand. When I felt that I caught the gun with my left hand. I set my thumb behind the hammer. The man that was with him, the one I asked could he drive, was up over us trying to get the gun, which I figured he was just trying to get it out of the way. I told Crow to turn loose of my damned gun. About that time the Deputy, Raymond Graves, came up and jerked the man off that was standing up above; then I took my right hand from Crow's neck and twisted the gun from his hand; when I twisted the gun from his hand I hit him with it three times, then I handed the gun to Raymond Graves, picked Crow up under my arms and drug him out to the car and put him in it, turned around and got my gun from Raymond and Crow started raising cain again, trying to get out of the car; Raymond held the door and I went around on the other side and got in, backed out and took off."

As a result of the licks on the head with the pistol, appellant was carried to the hospital, where the wounds were sewed up.

It is upon these facts the State relies for a conviction. The appellant did not testify.

If we understand the position of the State, it is that the act of appellant in taking hold of and pulling at the sheriff's pistol as he fell constituted an assault. With this contention we cannot agree. According to the sheriff's testimony, he began the attack on appellant and the act of appellant in taking hold of the pistol was as "we hit the ground." Moreover, there is an absence of testimony showing that the arrest of appellant was lawful. The sheriff does not say for what offense he was arresting the appellant. He says that he did not have him under arrest as they left the dance hall. About the most favorable construction that can be given to the sheriff's testimony is that he arrested appellant because he would not obey his order to go home. Such was not an offense as would authorize the sheriff

to arrest appellant without a warrant, and, therefore, the sheriff was not, at the time of the alleged assault, engaged in the lawful discharge of the duties of his office.

Deeming the facts insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The state presents a motion for a rehearing in which it claims that we erred in holding that the evidence was insufficient to sustain appellant's conviction for the offense of an aggravated assault upon the Sheriff of Coleman County while in the discharge of his official duties.

The pertinent facts, as disclosed by the record, are sufficiently set forth in the original opinion as a basis for the disposition of the questions presented in the motion for a rehearing. The state contends that the testimony of the County Treasurer to the effect, "that the Sheriff asked appellant to leave town, then go home. Appellant replied that he hadn't caused any disturbance and he wasn't ready to go, or something to that effect. Thereupon, the Sheriff said, if you don't go home, I will take you to jail and started to his car with him." There is not any evidence from any source that appellant was disturbing the peace which would authorize his arrest by the Sheriff without a warrant although he may have been intoxicated.

Art. 212, C. C. P., authorizes the arrest of a person without a warrant when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. The sheriff's and constable's authority to arrest without a warrant is prescribed and limited by the foregoing article. See Bennett v. State, 136 Tex. Cr. R. Rep. 192 (124 S. W. (2d) 359); Heath v. Boyd, 141 Tex. 569 (175 S. W. (2d) 214); and Pratt v. Brown, 80 Tex. 608 (16 S. W. 443), where the subject is fully discussed.

Moreover, there is not any evidence from any source that it was known or made known to appellant that the person he is charged with having assaulted was an officer in the discharge of an official duty.

From what we have said, it follows that the state's motion for a rehearing should be overruled, and it is so ordered.

Opinion approved by the Court.