JESSE ALBERT SIMMS, SIMON SIMMS, AND MARVIN DAVID
TERRELL V. STATE.

Nos. 30,045, 30.046, and No. 30,047. November 26, 1958.
Appellant's Motion for Rehearing Overruled January 28, 1959.

*Robert C. Benavides*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *H. Dustin Fillmore, Merle Flagg*, and *Henry L. Baccus*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Three appellants were tried jointly, and each appealed from a conviction for aggravated assault on a peace officer. Each ap-

pellant's punishment was assessed at two years in jail and their fines were set as follows: Jesse Albert Simms, $1,000.00; Marvid David Terrell, $500.00; Simon Simms, $250.00. These cases were docketed separately in this court but will be consolidated.

A funeral procession of colored people was proceeding from the church to the cemetery over the streets of the city of Dallas, and an automobile driven by one Pippin evidently attempted to drive through because one of the automobiles in the procession collided with him. From this point forward the testimony is in conflict.

The state's case made by Police Sergeant Curtis, Pippin, and other witnesses will be summarized. Curtis, while a block away, off duty and in sport clothes, heard the noise from the collision and started in that direction; as he neared the scene he saw one of the appellants reach in Pippin's automobile and endeavor to forcibly extricate Pippin therefrom. Curtis began to run toward the scene, at the same time taking out his police identification card. When he arrived, Curtis took hold of the appellant at Pippin's automobile, displayed his identity card, and stated in a loud voice, "I'm Sergeant Curtis of the Dallas police force. I will handle this until the other police get here." At this juncture the appellant in question said, "Get your g.d. hands off me," and hit Curtis with his fist in the face, and someone in the crowd of fifteen or twenty males which had assembled said, "We will kill the s.o.b., let's kill the s.o.b.s" and that thereafter, and prior to the arrival of the uniformed officer in charge of the funeral procession, several relatives of the deceased for whom the funeral was held hit Curtis with their fists. Curtis's shirt was torn, his nose was broken, and his eardrum ruptured. Following the arrival of other officers, Curtis pointed out six men who had assaulted him, directed their arrest, and identified the appellants as three of the six.

Appellants Marvin David Terrell and Jessie Albert Simms admitted the assault upon Curtis, but denied that he identified himself or that they knew that he was a police officer. Appellant Simon Simms denied that he participated in the affray, and he and his witnesses placed him further back in the funeral procession at the time thereof.

All of these issues were decided adversely to appellants by the jury, and this court is, under this record, without authority to disturb the jury's verdict.

We shall discuss the contentions advanced by the appellants in brief and argument.

They first contend that the informations are fatally defective, no motion to quash having been filed, because they allege that Curtis was "then and there in the lawful discharge of the duties of said police department," while the statute says while "in the lawful duties of his office." If we properly comprehend appellant's contention, it is that the informations would have authorized a conviction if Curtis had been performing ministerial duties on behalf of the Dallas police department as distinguished from duties of preserving the peace.

Appellants concede that they have no authority in support of this contention, and we are aware of none which would hold the informations fatally defective for the reason assigned.

Appellants next contend that the undisputed testimony shows that Sergeant Curtis was not on duty as a police officer at the time he was assaulted, that therefore he could not have been in the discharge of any official duty imposed upon him by law, and that they would be guilty of simple and not aggravated assault. Reliance is had upon the terms of Article 5167, V.A.C.S., which provides that policemen in certain municipalities shall not be required to work more than eight hours per day except in cases of riot, emergency, etc., and upon those cases such as Jeanes v. State, 60 Texas Cr. Rep. 440, 132 S.W. 352; Curlin v. State, 84 Texas Cr. Rep. 602, 209 S.W. 666; and Crow v. State, 152 Texas Cr. Rep. 586, 216 S.W. 2d 201.

As we construe this statute, it is not a limitation upon the exercise of his official duties when occasions arise but relates only to the actual time which he is required to devote to the performance of his official duties. When Sergeant Curtis saw one of the appellants reach into Pippin's automobile and attempt to forcibly eject him following the collision, it became his duty under the law to take such steps to prevent an assault from occurring regardless of whether he was "on duty" or "in uniform."

In Jeanes, this court held that a constable who requested the accused to step aside for a private discussion of, so far as the record discloses, a private matter which culminated in his being assaulted was not at the time of assault in the performance of any lawful duty of his office.

In Curlin, the injured party was a justice of the peace who was assaulted by the accused while walking on the sidewalk. This Court held that there was no evidence that the injured party "was discharging any official duty at the time, or attempting to discharge any such duty" and reversed the conviction.

In Crow, the sheriff told the accused to go home, and upon his refusal the assault ensued. This court held that the sheriff had no legal right to require the accused "to go home," and hence he was not at the time of the assault in the performance of the lawful duties of his office.

We return to the case at bar. Curtis heard the report of an automobile collision and started in the direction of the report; on the way he saw one of the appellants assault the driver of an automobile which had been involved in the collision and a large crowd of people assembled at the scene. When he arrived, he announced his identity and stated that he would handle this until the other police got there. Whether he thought that he was preventing an assault or quelling an incipient riot, Curtis was nevertheless in the lawful discharge of his duties as a member of the police department, and we overrule appellant's contention in this respect.

The conclusion which we have here reached obviated the necessity of discussing their further complaints which grow out of the same matter.

Finding no reversible error, the judgment of the trial court is affirmed.