## JAMES GREEN V. STATE

No. 33,615.   October 2, 1961
Motion for Rehearing Overruled November 15, 1961

*Peter P. Cheswick,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Donald M. Keith,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is aggravated assault on an officer; the punishment, 60 days in jail and a fine of $50.

The complaint and information alleged that appellant made an assault upon R. E. Brumbley, a police officer of the City of Houston, who was in the lawful discharge of the duties of his office, which fact was well known to appellant.

The evidence from the standpoint of the state shows that Officer Brumbley, of the Juvenile Division of the Houston Police, went to a dance hall and beer tavern shortly before midnight, with agents of the Texas Liquor Control Board and other officers. There had been a disturbance outside the tavern and they assisted two "auxiliary deputy constables" who were employed at the tavern, in apprehending one of three men who had been involved in the disturbance.

There were some 150 people in the place, many of whom were young people. A number of those present were drinking and appeared to be intoxicated.

An inspector for the Texas Liquor Control Board, through the public address system, identified himself and his companions as officers and asked that those present remain seated until they could check their identification.

After Officer Brumbley had taken into custody three persons, appellant walked by "in a staggering manner laughing loud and boisterous—." Officer Brumbley approached him, identified himself as a police officer for the City of Houston and exhibited his identification certificate and asked appellant for his identification.

Appellant turned and walked off. Officer Brumbley approached him a second time and again asked appellant for his identification, and again told him he was a police officer.

Appellant again started to walk away and as he did so Officer Brumbley "caught hold of his right arm * * * he spun around and struck me in the left side, hit me with his left hand."

A scuffle ensued in which the appellant grabbed the night stick away from the officer while they were "tussling and struggling with one another and he was grabbing my clothing * * * I was trying to get him in position so I could handcuff him." With the assistance of other officers, the appellant was subdued and taken to the police station.

Appellant testified that he went outside when a fight was going on and did not hear the announcement over the public address system; that he entered the building and passed the officers. "I had taken three, four or five steps and the officer * * * hollered telling me to get back out and waving a club and a gun in on me * * * and hit me on the head." He testified that he did not know the man was an officer * * * that he was only trying to get away; that he did not drink and was not under the influence of alcohol or of narcotics; that no officer "stopped me or showed me identification or nothing"; that he did not hit anybody.

There are no formal or informal bills of exception.

The jury resolved the fact issues in favor of the state, and the evidence is deemed sufficient to sustain the conviction.

Appellant cites and relies upon Crow v. State, 152 Tex. Cr. R. 586, 216 S.W. 2d 201. He apparently overlooked the fact that the holding therein was overruled in Cook v. State, 155 Tex. Cr. R. 580, 238 S.W. 2d 200.

The judgment is affirmed.