**Henry Lee GORDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38723.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Weldon H. Berry, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault on a peace officer; the punishment, nine months in jail and a fine of $1,000.

We are met at the outset with the question of the sufficiency of the evidence to show that an assault was made. There is no question that the injured party, a Texas Highway Patrolman, was an officer and was in the performance of the duties of his office of routine patrol. He observed a Pontiac automobile pass another automobile in a no-passing zone. He gave chase and brought it to a halt. A station wagon which he had observed to have one defective tail light passed the spot where he had stopped the Pontiac, and he motioned it to stop. He spoke to the driver of the Pontiac, who it later developed was appellant's wife, and told her that he would be with her in a minute, and then proceeded to the station wagon where he instructed the driver to step to the rear of the station wagon.

Appellant, who was a passenger in the Pontiac, as well as the other occupants thereof, came to where the officer was writing a ticket for the driver of the station wagon and were instructed by him to go back to their automobile and be seated. With this order they complied except that appellant protested verbally and continued to protest verbally after he had taken his seat.

Appellant's explanation of this is that he owned the station wagon and wanted to know the nature of the charges against the driver. Be this as it may, the officer became disturbed at appellant's verbal protests, abandoned his ticket writing, walked past the Pontiac and instructed appellant to get out and come to his patrol car. Appellant complied with this order.

The officer stated that when appellant reached a certain point, he ordered him to stop, but that appellant continued to walk toward him. It was this continued walking plus a "wild look about his eyes" upon which the State must rely for a conviction, because at this juncture, according to the officer, he hit appellant with his left hand and at almost the same moment, also hit appellant across the head with a five cell flashlight which he had in his right hand. All that appellant did after this moment was to grab the officer around the waist to prevent any further assaults upon him.

We have examined this record with care and have concluded that the facts as set forth above do not show an assault. Crow v. State, Tex.Cr.App., 216 S.W.2d 201, supports the conclusion we have reached in this case.

For the reasons stated, the judgment is reversed and the cause is remanded.