**Edward Jackie MONROE and Sharon Ann Monroe, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 43597.

Court of Criminal Appeals of Texas.

April 20, 1971.

Vincent J. Musachia, Houston, for appellants.

Carol S. Vance, Dist. Atty., Phyllis Bell and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of the offense of aggravated assault upon a peace officer, with a fine assessed each appellant in the sum of $101.

The first ground of error complains of an illegal arrest; the second ground asserts that the evidence was not sufficient to show that the officer claiming to be assaulted was in the performance of his duty and that the officer had no right of arrest. We shall consider both grounds together.

The evidence viewed most favorably to the State shows that Officer C. E. McRae of the Houston Police Department was working an extra job as a police officer at the Breezeway Nightclub and was wearing his police uniform at the time alleged herein. This officer testified he saw the appellants at the nightclub; that the appellant Edward Jackie Monroe was drunk. He told Monroe he should leave the club, and Monroe returned to his table and started out with his wife and two other persons. On his way out of the club Jackie Monroe hit one woman sitting in a chair and bumped into another with his shoulder and was hollering all of the time. The officer at this time stopped Jackie Monroe and told him he was "too intoxicated to be let go" and took the appellant by the shoulder and told him that he was under arrest for being drunk in a public place. At this time the appellant Sharon Ann Monroe struck the officer knocking his arm from the shoulder of her husband. The officer at this time warned her and reached for Jackie Monroe and again the woman struck the officer. Then Jackie Monroe backed away and began hitting the officer with his fist. At the same time, Sharon Monroe started kicking and hitting the officer with her purse and screaming and shouting and cursing. Officer Roy J. LeCompe, who was also working at the same club, came to the aid of Officer McRae and they took Jackie Monroe to the back room and placed handcuffs on him. Officer LeCompe corroborated Officer McRae's testimony as to the other events. He further testified that both appellants struck him when he went to the assistance of his partner.

In addition to the above testimony, the manager of the Breezeway Nightclub testified that he saw Officer McRae take Jackie Monroe by the arm, and that Monroe took a swing at, and scuffled with, McRae in an attempt to get away. He also saw Sharon Monroe beating both officers with her purse and heard her screaming and cursing. He further testified he pulled her away and when he turned she picked up a chair and was on the verge of hitting the

officers with it. He then grabbed her and she kicked him.

Both appellants testified in their own behalf and called as witnesses a couple with whom they were drinking at the club on the date in question. They presented a different version of the facts. The jury, however, resolved the fact issues in favor of the State and the evidence is sufficient to sustain the conviction. Green v. State, 171 Tex.Cr.R. 401, 350 S.W.2d 560. The arrest was, under these facts, a legal arrest, and a police officer being on duty 24 hours a day was in the performance of his duties. Simms v. State, 167 Tex.Cr.R. 315, 319 S. W.2d 717.

Appellants' first and second grounds of error are overruled.

 Appellants' third ground of error is as follows:

"IMPROPER INSTRUCTIONS TO JURY"

"A formal bill was taken on the instructions to the Jury and the main issues complained about were as follows:

"A. Question of the illegality of the arrest and proper instructions regarding the rights of the Appellants if arrest illegal or without cause.

"B. The issue as to whether the Appellant, Edward Jackie Monroe, was drunk should have been submitted rather then the broad general issue of arrest for committing any crime.

"C. Issue as to charge on drunk should have been submitted to jury as requested (Paragraph 4 of requested charge).

"D. The instruction asked for in Paragraph 6 of the requested charge should have been submitted."

The record contains no formal bill of exception. It does contain a requested charge attached to appellants' first amended mo-

tion for new trial. There are no objections to the charge by the court showing to have been made prior to the reading of the charge to the jury. There are no requested issues by appellants shown to have been presented to the court prior to the reading of the charge. In view of this, the appellants have waived any error that might have existed in the charge to the jury. Art. 36.14, Vernon's Ann.C.C.P.; Art. 36.15, V. A.C.C.P.; Clark v. State, Tex.Cr.App., 445 S.W.2d 516; 5 Tex.Jur.2d 107, Sec. 62.

Appellants' third ground of error is overruled.

No reversible error appearing, the judgment of the trial court is affirmed.