Henry Charles **MORRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49578.

Court of Criminal Appeals of Texas.

June 4, 1975.

Gary E. Conrad and Kerry P. Fitzgerald, Dallas, on appeal only for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Kelly Loving & Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

After our opinion in this cause was handed down on May 21, 1975, a supplemental record was filed. This supplement contained extension of time orders entered by the trial court, which were not contained in the original record, and such orders reveal that Appellant's Brief was timely filed. Therefore, our opinion of May 21, 1975, is withdrawn and this opinion is handed down in lieu thereof.

The appellant was convicted by a jury of assault with intent to murder a police officer and the jury fixed his punishment at 40 years' imprisonment.

The uncontroverted evidence is as follows. On the afternoon of June 14, 1973, Officer Charles Lee of the Balch Springs Police Department was leaving a training session at the Dallas County Courthouse. In the parking lot, he was confronted by the appellant who charged that Lee had dented his car. After a strained discussion during which Lee denied making any of the scratches on the door of appellant's car but apologized in case he had, appellant demanded money for the damage to his car. At this point, Lee, in civilian clothes and in his private car, identified himself as a police officer and told appellant to stop bothering him. As Lee recorded appellant's license number, the latter became angry and retrieved a small caliber pistol

from his car. In the scuffle that followed, Lee received five bullet wounds.

Appellant first contends that the evidence that Officer Lee was engaged in the performance of official police duties was insufficient to sustain the conviction. Art. 1160a, Vernon's Ann.P.C. (1969), under which appellant was prosecuted, provides:

". . . Sec. 2. A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty . . . ."

In the instant case, the disagreement between Lee and appellant admittedly grew out of a private dispute, unconnected with any of Lee's official duties as a policeman. The State is compelled to contend, however, that Lee's recording of appellant's license number was an official police function.

Appellant has cited several cases, however, in which private altercations with police officers proved insufficient to sustain a conviction for assault on a peace officer in performance of his official duties.

In Jeanes v. State, 60 Tex.Cr.R. 440, 132 S.W. 352 (1910), this Court held that a constable who requested the accused to step aside for a private discussion of, so far as the record disclosed, a private matter which culminated in his being assaulted was not at the time of the assault in the performance of any lawful duty of his office. In Curlin v. State, 84 Tex.Cr.R. 602, 209 S.W. 666 (Tex.Cr.App.1919), the injured party was a justice of the peace who was assaulted by the defendant while walking on the sidewalk toward his office to "leave some papers." Even though the defendant knew of the complainant's status, this Court held that there was no evidence that the complainant "was discharging any official duty at the time, or attempting to discharge any such duty." The conviction was reversed.

It is true that an off-duty policeman can still be engaged in the lawful discharge of his duties. In both Monroe v. State, 465 S.W.2d 757 (Tex.Cr.App.1971) and Wood v. State, 486 S.W.2d 771 (Tex.Cr.App. 1972), the injured parties were police officers, in uniform, who were "moonlighting" as a nightclub bouncer and a parking lot attendant, respectively. But both were injured as they attempted to make lawful arrests of defendants on other grounds. And in Thompson v. State, 426 S.W.2d 242 (Tex.Cr.App.1968), an off-duty policeman in plainclothes who was "moonlighting" as an apartment building security guard was attempting to break up a rowdy party when he was assaulted. In all three of these cases, this Court held that the particular activity in which the peace officers were engaged when they were assaulted was in the lawful discharge of their duties as policemen. Their activities were certainly tantamount or analogous to such duties.

■ In fact, the on-duty/off-duty distinction is not important here. As was stated in Wood v. State, supra,

"It is the law in this state that a police officer's 'off-duty' status is not a limitation upon the discharge of police authority in the presence of criminal activity,"

citing Monroe v. State, supra, and Simms v. State, 167 Tex.Cr.R. 315, 319 S.W.2d 717 (1958). Moreover, there was clearly cause for Lee to exercise his authority as a police officer at some point in his confrontation with the appellant. The record, however, is practically devoid of any mention of such performance of his official duty. It has even been said that a police officer is on duty 24 hours a day. Monroe v. State, supra. But, surely this statement does not abrogate the requirement of Art. 1160a that the officer be in the "performance of his official duty" at the time of the assault. Otherwise, all attacks on policemen would come within the statute and the quoted language would have no meaning at all.

In the instant case, Officer Lee's conduct was more like that of the peace officers in the older cases, who were held to have been involved in private business. In both *Jeanes* and *Curlin* and in the case at bar, the peace officers were on their way to or from some official duty; and Lee's altercation with the appellant was no more official than the victims' activities in the older cases. Any private individual in Officer Lee's situation might be expected to record appellant's license number.

Nor can this deficiency in the proof be considered harmless error. Although the record would support a conviction for assault with intent to murder under Art. 1160 of the old Penal Code, the range of punishments provided therein is only two to twenty-five years. In the instant case, appellant received forty years for assault with intent to murder a peace officer under Art. 1160a, which provides penalties of from two years to life. Thus, the error was clearly prejudicial to the appellant.

For the foregoing reasons, appellant's first ground of error is sustained and the judgment below is reversed and the cause remanded.