## ALLISON DEATON v. THE STATE.

### No. 3725.    Decided April 29, 1908.

**Using Abusive Language—Trespass—Justification—Size of Parties.**

Under article 599, Penal Code, the contention of the defendant that he used the abusive language while acting in defense of his property was no justification or excuse for the use of violent and abusive language; neither was the relative size of the parties legitimate evidence in the case.

Appeal from the County Court of San Saba.    Tried below before the Hon. G. W. Walters.

Appeal from a conviction of using abusive language to provoke a breach of the peace; penalty, a fine of $5.

The opinion states the case.

*G. A. Walters,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was indicted in the District Court of San Saba County for using violent and abusive language to and concerning one R. A. Brazil under circumstances reasonably calculated to provoke a breach of the peace.    The indictment soon thereafter was transferred to the county court of the county above named and on trial appellant was convicted and his punishment assessed at a fine of $5.

The evidence in the case showed substantially that Brazil had purchased the pecan crop on certain lands belonging to a Mrs. Prescott. These lands adjoined the premises of appellant and his mother.    While engaged in gathering the pecans on the lands which Brazil believed belonged to Mrs. Prescott, he was interrupted by appellant who stated that a certain tree on which Brazil was threshing pecans belonged to his mother and the same was inside of her enclosure.    In the controversy as to Brazil's right to gather these pecans, appellant, in the presence of Brazil's sisters and other witnesses, used abusive and profane language towards him.

The appellant's contention is substantially, as we understand, that he was at the time acting in defense of his property and an unlawful taking by Brazil, and that he was justified or at least excused in that he was shown to be acting purely in defense of his possessions and in view of the proof that he was physically unable to defend his property and that under such circumstances, it will not be held that the language used by him was reasonably calculated to provoke a breach of the peace.    Article 599 of our Penal Code is as follows: "If any person shall, in the presence or hearing of another, curse or abuse such person, or use any violently abusive language to such person concerning him or

any of his female relatives, under circumstances reasonably calculated to provoke a breach of the peace, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than $5 nor more than $100." The court below in its charge to the jury submitted the issue to them as to whether or not appellant did use violent and abusive language to and concerning the prosecuting witness under circumstances calculated to provoke a breach of the peace, and in addition thereto,. gave the following charge: "The defense is that if the State has proven that he cursed and abused, and did use violently abusive language to and concerning the said R. A. Brazil under circumstances reasonably calculated to provoke a breach of the peace as charged in the indictment, that the defendant was justifiable because the said R. A. Brazil was trespassing upon his premises and possessions at the time. I charge you, gentlemen, that if said R. A. Brazil was thereby a trespasser on the lands of the defendant at the time, and in a peaceable manner, that would not justify the defendant in cursing and abusing him, the said R. A. Brazil, but might be a mitigating circumstance that would reduce the penalty to a low fine, of not less than $5. These are matters for the consideration of the jury, and the testimony must show it to have been done in San Saba County, Texas, as charged. And I charge you that the defendant would not be excusable if he only cursed the said R. A. Brazil, or abused him, or if he used violently abusive language to and concerning the said R. A. Brazil or either one of said charges in a manner calculated to provoke a breach of the peace, and if you are satisfied of the guilt of the defendant beyond a reasonable doubt, you will find the defendant guilty and assess his punishment at a fine of not less than $5, nor more than $100 and you can not find him guilty simply because he had a pistol." We can not accede to the contention of appellant that because of the controversy as to the ownership of the tree from which the pecans were being thrashed, or if such tree was on the lands of appellant and his mother that this would be any justification, or excuse for the use of violent and abusive language. On the other hand, it was, as we conceive, the purpose of the statute, both to discourage and punish the use of abusive language in respect to matters in controversy, the effect of which would and might be to provoke breaches of the peace and to cause bloodshed. The portion of the court's charge quoted, is, as will be noted, somewhat inartistically drawn, but taking the whole charge together and considering it in connection with the other paragraphs in which, in express terms, the jury were required to find that appellant did use violent and abusive language reasonably calculated to produce a. breach of the peace, before the State would be entitled to a conviction and in the light of the entire evidence in which the use of the abusive language is substantially admitted, we can not and do not believe that there was any error in the action of the court below. Nor do we believe that there was error in the ruling of the court in excluding evidence of the size of the witness

Brazil and others with him. We are inclined to agree with the trial court that the size of these parties, either or all of them, would not effect the issue at all.

There are some other questions, most of them mere matters of procedure complained of by appellant, but there was no error, as we believe, committed by the court below which would require a reversal of the case. The judgment is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.