## Will Hall, alias Will Hart, v. The State.

No. 10221.   Delivered October 13, 1926.

1.—Burglary—Evidence—Of Ownership—Insufficient.

An indictment charging burglary must allege the owner by name, or the person in possession, and the proof must sustain the allegation in the indictment.   Failing to establish that M. A. Ector was the owner, or in possession of the premises alleged to have been burglarized, as charged in the indictment, the cause must be reversed and remanded.

2.—Same—Indictment—Allegation of Ownership—Rule Stated.

Where property is in joint possession of the husband and wife, living together and occupying the same premises, the husband should be named as the possessor and owner.   However, under some circumstances it is permissible to charge the ownership in the wife.   Following Peoples v. State, 90 Tex. Crim. Rep. 236, and numerous cases there cited.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

In the indictment it is charged that the appellant entered the house of M. A. Ector, by force and without his consent, with the intent to take from his possession certain personal property.

The sufficiency of the evidence is challenged.   A recital of it is deemed unnecessary, further than to say that it was undisputed that the alleged burglarized premises did not belong to and were not in the possession of the person named in the indictment as the owner.   The statute requires that the owner or possessor of the property be named in the indictment, and where property is in joint possession of the husband and wife, living together and occupying the same premises, the husband should be named as the possessor and owner.   Under some circumstances it is permissible to charge the ownership in the wife, but the facts in the present case do not come within the excep-

.tions.    See Peoples v. State, 90 Tex. Crim. Rep. 236, and numerous cases there cited.

The proof failing to correspond with the allegation, the judgment is reversed and the cause remanded.

*Reversed and remanded.*