## WILLIAM DUKE V. STATE.

No. 30,797. June 17, 1959.
Appellant's Motion for Rehearing Overruled October 28, 1959.

*Fred C. Reeder,* and *Walter Groce,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault upon a peace officer; the punishment, a fine of $350.00.

Officer Hawkins of the Corpus Christi police testified that on the night in question he went in uniform and in a marked police automobile to a certain address in the city to investigate a disturbance and there saw the appellant, armed with a pistol, standing in front of his father's home, and two men, whom he identified as police officers, each crouched behind vehicles parked in the driveway; that the appellant hollered to someone in the house and said, "Call Mitchell, these god damn bastards got guns." He stated that he approached the appellant, identified himself, asked what the trouble was, and the appellant replied, "These g___d___b___ are trying to force their way into my house." When asked by Hawkins to surrender his pistol, the appellant said, "No s___o___b___ is going to get my gun."

In his effort to disarm the appellant, Officer Hawkins was bitten and received some broken ribs, and these are the acts which constituted the basis for this prosecution. This is a very voluminous record, but the question here presented is whether the state's case, which is summarized above and which was by the jury accepted, shows that Hawkins was in the performance of "the lawful discharge of the duties of his office" so as to make this aggravated assault.

If we concede that Officers Stowe and Young, who were crouched behind the vehicles, were trespassers, this would not prevent the abusive language which was addressed toward them from constituting a violation of Article 482, V.A.P.C., which would authorize appellant's arrest by Hawkins without a warrant and which would mean that Hawkins was at the time he made such arrest in the lawful discharge of the duties of his office. See Deaton v. State, 53 Texas Cr. Rep. 393, 110 S.W. 69. We overrule the appellant's contention in this regard and will discuss the remainder of his contentions advanced by brief and in argument.

He contends that the court erred in his charge on the law

of self defense. Appellant, testifying in his own behalf, told of Stowe and Young coming upon his father's property and his difficulty with them; he denied that he cursed them and stated that when Hawkins came in the yard he instructed him to arrest the two men but that, instead, Hawkins "stepped behind me and the next thing I knew, I was on the ground." He testified that he hit Stowe and Young and that they hit him, but nowhere in his testimony do we find any statement that he ever hit Officer Hawkins at all. In fact, he testified that he was handcuffed as he lay on the ground where Officer Hawkins had knocked him.

The court in his charge instructed the jury that an officer might arrest without a warrant for an offense committed in his presence which was one classified as an offense against the public peace and defined what constituted such an offense. He then instructed the jury to acquit the appellant if they found that he committed such acts "to extricate himself from or prevent his unlawful arrest by" Hawkins.

This we have concluded was a proper submission of the case.

Finding no reversible error, the judgment of the trial court is affirmed.