**James Byrl CARTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40106.**

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

Rehearing Denied March 22, 1967.

M. G. Nahas, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gene Miler, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is aggravated assault on an officer; the punishment, 90 days in jail.

Trial was had before the court without the intervention of a jury.

In order to pass upon appellant's ground of error that his arrest was unlawful, it will be necessary to recite most of the testimony. Officer French testified that on the night in question he received radio instructions to go to a certain address (which was shown to be the appellant's house) and investigate a disturbance involving a gun which had been fired. He was in uniform, and after he brought his police vehicle to a halt in front of appellant's home, he proceeded on foot toward appellant's closed front door. Before he reached the door, it "flew open", and appellant stuck a shotgun out and said, "You sorry s——o——b——, I am going to kill you." French took cover and from his vantage point called upon appellant to put down the gun and come out to talk with him and his fellow officers. Appellant declined and soon thereafter, handed the gun to his son and told him, "If any of these s——o——b——'s come in the yard, kill them." Shortly thereafter, Officer Keefe came through the back of the house, wrenched the shotgun from appellant's son and in an effort to subdue appellant, French was kicked by appellant. It was this act of kicking and the resulting injury which constituted the basis of this prosecution.

Appellant's son, testifying in his father's behalf, admitted that he alerted appellant to the arrival of the police cars and responded to appellant's instruction to get his shotgun with which appellant pushed open the front door, and also admitted that appellant engaged in a fight with the officers in the front yard, but stated that the only conversation which appellant had with the officers was to inform them that he would go with them if they had a warrant.

In Duke v. State, 168 Tex.Cr.R. 403, 328 S.W.2d 189, we had almost the identical fact situation and the same ground of error. There we said:

"If we concede that Officers Stowe and Young, who were crouched behind the vehicles, were trespassers, this would not prevent the abusive language which was addressed toward them from constituting a violation of Article 482, V.A.P.C., which would authorize appellant's arrest by Hawkins without a warrant and which would mean that Hawkins was at the time he made such arrest in the law-

ful discharge of the duties of his office."

French testified that prior to the display of the weapon and the abusive language, he had no intention of arresting appellant or searching his premises.

We have concluded that the trial court did not err in declining appellant's motion for a finding of not guilty on the grounds that the arrest of appellant was illegal.

The judgment is affirmed.