**Joe L. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41961.**

Court of Criminal Appeals of Texas.

March 26, 1969.

Bill R. Jones, Mesquite, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Justice.

The offense is burglary of a private residence at nighttime; the punishment ninety-one years.

The sole complaint is that there is a variance in the allegation of ownership in

the indictment and in the proof, because the wife was alleged to be the owner of the residence which was community property. It is contended that the allegation of ownership should have been in the husband.

The proof shows that the private residence was the community property of, and was possessed by, the alleged injured party, Ovie Lee LeFall, and her husband, U. B. LeFall.

Appellant cites Turner v. State, 144 Tex. Cr.R. 359, 163 S.W.2d 205 (1942), and Hall v. State, 105 Tex.Cr.R. 216, 287 S.W. 244 (1926), which held that unless there has been an abandonment by the husband, ownership of community property may not be alleged to be in the wife.

The state agrees in its brief that for many years the law regarding allegations of ownership of community property in burglary and theft indictments required that the husband be alleged as the owner of the property for the reason that the husband had the care, control and custody of the community property. The wife did not have sufficient interest at law to sustain an allegation of ownership in an indictment.

Article 4621, Vernon's Ann.Tex.Civ.St., (Acts 1967, 60th Leg. p. 738, Chap. 309, effective January 1, 1968), amended the law with respect to the care, custody and control of community property. Now, with certain exceptions, the husband and wife have the joint power of management, control and disposition of the community property.[1]

 Article 21.08, V.A.C.C.P., as amended in 1967, provides, in part, where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in any or all of them.[2]

 The Legislature gave the wife joint control of community property, and the wife has no legal coverture limiting her in respect to ownership or management of community property. The reason for the rule that ownership had to be alleged in the husband no longer exists.

Since the Legislature has changed the rule in regard to control and management of community property, the rule stated in Hall v. State, supra; Turner v. State, supra; Merriweather v. State, 33 Tex. 789, and Jones v. State, 47 Tex.Cr.R. 126, 80 S.W. 530, and in many other cases, is no longer applicable.

The judgment is affirmed.

---

1. For the power of the Legislature to give the wife management of part of the community estate, see Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, and the commentary by William O. Huie, The Community Property Law of Texas, Vol. 13, V.A.T.S., p. 1, Secs. 11 and 13.

2. It should be noted that in the amendment the Legislature omitted the following: " * * * Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband. * * * " This was in keeping with the intent to give the wife more control of her property.