**Luther Lamoine HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42250.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Forrest F. Baird, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William W. Burge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for an aggravated assault upon a police officer in a trial before the court without a jury. The punishment was assessed at two years in jail.

Officer V. W. West was alleged to be the assaulted party.

The record reflects that West and Sumner, uniformed officers of the Houston Police Department, answered a call and met Dorothy Harrison at a service station. She informed the officers that appellant was drinking and had run her out of her apartment with a knife. She requested the officers to go to the apartment to get her young child.

When the officers entered the apartment, appellant ordered them to leave. After Dorothy Harrison confirmed that she had invited them, appellant shoved

Officer Sumner and later pushed Officer West, the complainant, into a window. During the scuffle with the officers, appellant was wrestled to the floor and was later handcuffed.

The sole contention of appellant is that the arrest without a warrant was illegal, because he was committing no offense in the presence of the officers, and that he had a right to order them to leave and to use such force as was reasonably necessary to enforce such order.

The record reflects that no arrest was attempted before appellant had made an assault upon one of the officers. The officers had a right to enter the premises, because Dorothy Harrison had stated that it was her apartment and had invited them to enter. Dorothy Harrison was also referred to as Dorothy Whatley, and the record does not reflect that she was the wife of appellant. If they were married, she had a right to ask the officers to enter the premises because she had joint control of community property under Article 4621, Vernon's Ann.Tex.Civ.St. See Williams v. State, Tex.Cr.App., 438 S.W.2d 934.

When a peace officer is at a place where he has a right to be, and someone commits an assault upon him, he may arrest that person without a warrant. Duke v. State, 168 Tex.Cr.R. 403, 328 S.W.2d 189. See Dark v. State, Tex.Cr.App., 406 S.W.2d 457. Article 14.01(b), Vernon's Ann.C.C.P., provides that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Williams v. State, 64 Tex.Cr.R. 491, 142 S.W. 899, cited by appellant, is not in point. There an arrest was made for an offense which was not committed in the presence of the officer. The court held that the accused had a right to use force to extricate himself after an illegal arrest.

In the present case the crime was not only committed in the presence of, but upon, the officer, and the arrest was legal.

The judgment is affirmed.