**Robert Carolyn WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45227.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

Paul W. Leech of Behan & Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of aggravated assault on a police officer. Punishment was assessed at ninety days in the Dallas County Jail. The sufficiency of the evidence is not challenged.

The record reflects that two off-duty, uniformed police officers, Smith and King, were working in tandem moving traffic out of a private corporation's parking lot onto a public street.

When Smith stopped a lane of traffic, a pickup truck operated by appellant's wife and in which appellant was a passenger, slid to a stop. As appellant's wife resumed driving forward, the appellant allegedly "shot the finger" at King and yelled obscenities at him.

The two officers decided to stop appellant for violation of Article 482, Vernon's Ann.P.C.[1] Smith chased appellant on foot; King hailed a passing car and caught up with appellant at a red light. King jumped into the bed of the truck and told appellant's wife to pull the truck over to the side of the road. When the light changed, she drove into a parking lot. King walked around to the passenger's side and told appellant to get out of the car; that he wanted to talk to him. At this moment, appellant reached toward the glove box. King, thinking that he was "going for a weapon," opened the door and grabbed appellant's arm. A struggle ensued during which appellant struck King with a shock absorber and hit him in the face with his fists. By this time Smith reached the scene. Finally, Smith and King subdued, handcuffed, and placed appellant under arrest.

Appellant contends that the trial court erred in allowing the arresting officer to testify that he was "in the lawful discharge of his duties at the time of the offense." Appellant attempts to raise as an affirmative defense the fact that the arresting officers were not working for the Dallas Police Department at the time of the offense and therefore were not in the lawful discharge of their duties. He further argues that the error aforementioned was compounded by an unreasonable restraint on his cross-examination of the arresting officers concerning their hours of regular employment.

Smith testified that both he and King worked from 7:00 A.M. to 3:00 P.M. on the day in question at the Dallas Police Department and that both directed traffic for the Taylor Publishing Company from 3:10 to 6:00 P.M. Smith further testified that Taylor Publishing Company, not the Dallas Police Department, paid him for his extra work and that this type of work was sanctioned and administratively controlled by the Dallas Police Department.

■ Therefore, the jury had before it all relevant facts concerning the arresting officers' hours of regular employment.

---

1. Such Article provides: "Any person who shall in the presence or hearing of another curse or abuse such person, or use any violently abusive language to such person concerning him or any of his female relatives, under circumstances reasonably calculated to provoke a breach of the peace, shall be fined not more than one hundred dollars."

Such being the case, no abuse of discretion on the part of the trial court is shown because the complained of excluded testimony concerning the hours of employment was, in fact, admitted.

■ Moreover, even if this evidence had not been eventually admitted, no error would have been shown. It is the law in this state that a police officer's "off-duty" status is not a limitation upon the discharge of police authority in the presence of criminal activity. Monroe v. State, Tex.Cr.App., 465 S.W.2d 757; Sims v. State, 167 Tex.Cr.R. 315, 319 S.W.2d 717. Appellant's attempt to raise as an affirmative defense the fact that the arresting officers were not working for the Dallas Police Department and therefore not in the lawful discharge of their duties is based on a faulty premise.

■ Accordingly, no error is shown by Smith's answer that he was in the lawful discharge of his duties at the time of the offense.

■ Also, complaint is made that the prosecutor's comment that appellant's counsel "knew that police officers were on duty 24 hours a day" was improper and invaded the province of the jury. No error is shown as such was a statement of the law in this state and, as such, was not an invasion of the province of the jury. Monroe v. State, supra; Simms v. State, supra.

■ Next, appellant contends that the trial court erred in allowing Smith to testify that he used "only the force necessary in effecting the arrest." The record reveals that the jury already had before it a complex word picture of the events encompassing the arrest. Prior testimony showed that King, in attempting to make the arrest, had to grab appellant's arm to prevent him from reaching into the glove compartment; that appellant then struck King with a shock absorber; that appellant also hit King with his fists. Furthermore, three other witnesses, including appellant, testified extensively concerning the facts surrounding the arrest. When the record is viewed as a whole, appellant can show no undue prejudice from Smith's statement. Therefore, the error, if any, is not reversible. Cf. Ballew v. State, Tex.Cr. App., 452 S.W.2d 460; Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320.

■ Appellant alleges that he was unduly restricted in his cross-examination of Smith because Smith was not allowed to demonstrate to the jury the manner in which he directed traffic on the day in question. He argues that his alleged acts of "shooting the finger" and "shouting obscenities" at the officers were provoked by the confusing arm and hand signals used by Smith. Such demonstrative evidence, even if it had been admitted, would not constitute a defense to the charge of abusive language. See, Duke v. State, 168 Tex.Cr.R. 403, 328 S.W.2d 189; Deaton v. State, 53 Tex.Cr.R. 393, 110 S.W. 69; Watkins v. State, Tex.Cr.App., 44 S.W. 507; Christmas v. State, Tex.Cr.App., 44 S.W. 175. Therefore, no error is shown.

■ The contention that the police report prepared by Smith should have been admitted into evidence in order to impeach Smith's prior testimony is without merit.

Smith testified that the obscenities yelled by appellant were audible. The record reflects that appellant was allowed to use the police report in his cross-examination of Smith and that Smith admitted that he had written in the report the inconsistent statement that what appellant yelled "was inaudible."

In Cherb v. State, Tex.Cr.App., 472 S. W.2d 273, at page 278, we stated that:

"The rule followed by this Court and other Texas courts is that if the witness unqualifiedly admits making the inconsistent statement, then further proof of the statement is error."

■ The assertion is made that appellant was not allowed to argue that the of-

ficial police report prepared by Smith indicated that the arresting officers were unable to hear appellant yell obscenities and that such constitutes reversible error.

The following argument was made by appellant's counsel:

"The officer, Smith, said that he placed on the official records, 'I placed in the official records that the officers did not hear what was said; it was inaudible.' And he made those notations after talking to the other police officer and within thirty minutes of the arrest. So, the truth begins to come out. These records were made at the time of the arrest, within thirty minutes, after the officers had talked to one another. 'Now, Officer, you really didn't want to put those nasty words in your official report, did you?' He positively put down, 'We didn't hear what was said.' Now what happens is, apparently they found out, and this is based on my analysis of the evidence, 'Man, you can't make an arrest if somebody shoots a finger—

\* \* \* \* \* \*

"Based upon a reasonable analysis of the evidence, what's happened is that after they make their official records, 'We didn't hear what he said,' that they made the obscene gesture of shooting the finger in the air. It dawned on them, 'Wow, we can't make an arrest,' which means that they are beating up my client, and that is wrong so they come with a different story today, after they make their official records. \* \* \* "

The above argument reveals that appellant was given unlimited latitude in arguing the contents of the police report and therefore error is not shown.

■ Appellant further contends that he was unable to prove double jeopardy because the police report and its copies were not admitted into evidence. Since there is no evidence in the record that appellant was formerly tried in a court of competent jurisdiction for an offense arising out of the same transaction, no error is shown. Articles 1.10 and 28.13, V.A.C.C.P.

■ Without citing authority, appellant argues that the question propounded by the state's attorney, to-wit: "Now, Mr. Wood, have you been in many fights?" constituted improper cross-examination. Assuming this contention is properly before us under Article 40.09, Sec. 9, V.A.C.C.P., no error is shown.

■ Next, the complaint is made that the trial court erred in failing "to properly charge the jury on the law." The objections and requested special charges were dictated into the record and therefore are not in compliance with the provisions of Articles 36.14 and 36.15, V.A.C.C.P. Therefore, no error is presented for appellate review. Golden v. State, Tex.Cr.App., 475 S.W.2d 273; Gray v. State, Tex.Cr. App., 475 S.W.2d 246; Qualls v. State, Tex.Cr.App., 474 S.W.2d 482.

■ Three of appellant's grounds of error concern alleged errors committed by the trial court during the voir dire examination of the jury. The record contains only portions of the voir dire examination. The entire voir dire examination must be brought before this court in order to enable us to ascertain whether error has been shown. Longs v. State, Tex.Cr.App., 429 S.W.2d 157; McCullough v. State, Tex. Cr.App., 425 S.W.2d 359.

The remaining grounds of error are not in compliance with Article 40.09, Sec. 6(d)(1) and Sec. 9, V.A.C.C.P., and therefore present nothing for appellate review.

Finding no reversible error, the judgment is affirmed.