Marcelino ROBLEDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 47308.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Sam D. Sparks, of Webb & Stokes, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., Wm. J. Stroman, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

On May 21, 1971, appellant entered a plea of guilty to the offense of attempting to pass as true a forged instrument with in-tent to defraud; punishment was assessed at three years. The imposition of the sentence was suspended and probation granted. One of the terms and conditions of his probation was that he commit no offense against the laws of this state.

On January 15, 1973, a motion to revoke probation was filed. The allegations set out that "on or about the 12th day of December, 1972, in Schleicher County, State of Texas, the defendant, Marcelino Robledo, did then and there unlawfully and fraudulently take four (4) tires each of the value of over $40.00 and four (4) wheels each of the value of $10.00, the same being the corporeal personal property of Jesus Herrera, from the possession of the said Jesus Herrera, without the consent of the said Jesus Herrera, with the intent to deprive the said Jesus Herrera of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Marcelino Robledo." A hearing was conducted on March 2, 1973, after which the trial court revoked the probation and pronounced sentence.

Appellant contends that the evidence is insufficient to show he committed the act used to show a violation of probation.

The record reflects that appellant, one Felix Romero, and another man went to the home of Jesus Herrera, Sr., in Eldorado, on December 12, 1972. Jesus Herrera, Jr., testified that appellant and two other men came to his home on the above date and an unidentified man stated: "Your father said to take the tires." Appellant then asked if he could use the restroom in the house. While appellant was using the restroom, Felix Romero went into the house and carried four tires and three wheels out of the house and put them in the back seat of the car.

Modesto Catilleja testified that the appellant and Felix Romero came to his house in Sonora about the middle of December of 1972 and that Felix offered to sell these tires to him for $60.00. Catilleja also testified that appellant had said: "Go ahead

and buy them, that is a cheap price." After Catilleja had purchased the tires, he found a piece of paper with the name of one of Jesus Herrera's children written on it.

Jesus Herrera, Sr. testified that on December 12, 1972, he lived in Sonora; that he had the four tires and wheels stored in his house at Eldorado; and that he had not authorized anyone to remove the tires from his house. He also testified that his estranged wife, who lived with his son in his home in Eldorado, came to him and told him that the tires had been taken.

Appellant, testifying in his own behalf, stated that he had no knowledge that the tires were removed from Herrera's house or that they were in the back seat of the car when he left. He stated that he had been drinking on the day in question. He admitted telling Catilleja that the tires sounded like a "good deal".

We conclude that the evidence is sufficient and that appellant acted as a principal.

■ Next, appellant contends that there is no evidence or insufficient evidence that he is the same person previously convicted and placed on probation. During the hearing, appellant testified on direct examination by his counsel:

"Q. Marcelino, you are the Defendant in this case and you have heard the charges which have been read against you here?

A. Yes, sir.

Q. Is that correct?

A. Yes, sir."

Thus, he admited that he was one and the same person previously put on probation for the offense he stands convicted of.

■ Finally, appellant urges that the trial court abused its discretion in revoking his probation, that there was no showing that possession of the property allegedly stolen was in the owner or that an offense has been committed. Appellant argues that the testimony shows that the actual control, care and management of the allegedly stolen property was not in Jesus Herrera's possession as required by Article 1415, Vernon's Ann.P.C., and as alleged in the state's motion but was in the possession of Mrs. Jesus Herrera. Herrera testified that he had the tires stored in "his house" in Eldorado on the date in question. Furthermore, the state was not required to allege that the tires were in the possession of Mrs. Herrera. Article 21.08, Vernon's Ann.C.C.P. provides:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. · · ·"

See also Williams v. State, 438 S.W.2d 934 (Tex.Cr.App.1969).

There being no abuse of discretion, the judgment is affirmed.