**598**

Gary COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-85-047-CR.

Court of Appeals of Texas,
Texarkana.

Sept. 24, 1985.

David Holmes, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County,
Paris, for appellee.

CORNELIUS, Chief Justice.

Gary Coleman appeals his jury conviction for the offense of aggravated robbery. Punishment was assessed by the jury at twenty years confinement. He raises two grounds of error.

At approximately 4:10 a.m. on November 16, 1984, the appellant and another person entered a restaurant in Paris, Texas, where complainant was working as a cook and waitress. One other waitress employee was on duty at the time. The man accompanying appellant produced a handgun, pointed it at the complainant, and demanded that she give him money. When the complainant did not respond to the demand, appellant took the other employee to the cash register, removed a money bag from a drawer, and ordered her to fill up the bag with money from the register. Throughout the taking of the money, appellant's companion kept the handgun pointed at the complainant. Having received the money as demanded, the appellant and his companion left the restaurant. A short time later, police stopped a vehicle containing the appellant, his companion, a gun, money, ski masks and other clothing identifiable to the robbery.

In his first ground of error, appellant contends there is no evidence that complainant was the owner of the property taken in the robbery.

Tex. Penal Code Ann. § 1.07(a)(24) (Vernon 1974) provides three ways by which the State may show that the complainant was the "owner" of the money taken. Ownership in the complainant may be proven by showing that the complainant

had title, possession, or a greater right to possession than did the appellant.

Appellant cites *McGee v. State*, 572 S.W.2d 723 (Tex.Cr.App.1978) as authority for asserting that the "greater right to possession" concept of ownership applies only where both the owner and the actor have a joint interest in the property. *McGee* was overruled on that point in *Compton v. State*, 607 S.W.2d 246, 250–251 (Tex.Cr.App.1980), *cert. denied*, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981). No joint interest need exist as a prerequisite to the application of the "greater right to possession" concept to prove ownership. *See Ceasar v. State*, 661 S.W.2d 256 (Tex. App.—Houston [1st Dist.] 1983, no pet.), and the cases cited by that court.

We find there was sufficient evidence to establish that complainant, as an employee of the restaurant, had a greater right to possession of the money in the cash register than did appellant. This greater right to possession establishes complainant as an owner of the funds as defined in Section 1.07(a)(24).

In his second ground of error, appellant urges there was a failure to prove that he did not have the effective consent of the owner to take the property. As noted in *Ceasar v. State*, supra, the Court of Criminal Appeals has held on several occasions that lack of consent may be demonstrated by circumstantial evidence. Tex.Penal Code Ann. § 31.01(4)(A) (Vernon 1974) provides, in part, that consent is not effective if induced by coercion. Moreover, where the owner parts with his property because of an assault, fear, or violence, his consent or lack of consent is irrelevant. *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976). Here, both the complainant and her fellow employee were coerced at gunpoint. The evidence excludes any theory except that appellant took the money from the cash register without the consent of either the complainant or the other employee. *See Ceasar v. State*, supra at 258.

The judgment of conviction is affirmed.