**Harry Chester THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–92–00121–CR.**

Court of Appeals of Texas,
Texarkana.

Oct. 26, 1993.

---

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Harry Chester Thomas appeals from a conviction for aggravated assault and aggravated robbery. He was sentenced to ninety-nine years' confinement on each conviction.

On appeal, Thomas contends that the evidence is insufficient to support his conviction of aggravated assault because the alleged victim was not acting in the capacity of a peace officer at the time of the alleged assault and that the evidence was insufficient to support his conviction of aggravated robbery of Paul Wolfe because Paul Wolfe was not shown to be the owner of the three tires that were taken and because the alleged deadly weapon was not used to obtain or maintain control over the three tires.

At trial, the State presented witnesses who testified to the following: At 3:00 P.M. on December 4, 1990, Thomas took three thirteen-inch automobile tires from a Montgomery Ward store in Houston without paying for them and tossed them in the back of a truck. Paul Wolfe, a mechanic employed by the Montgomery Ward store, was instructed to retrieve the tires. When confronted by Wolfe, Thomas threatened Wolfe with a knife. Brandishing a three-foot pipe, Carlin Graff, a fellow employee, came to the aid of Wolfe. Upon seeing Graff and the pipe, Thomas tried to escape on foot.

A.E. Hall, Police Chief for the City of Iowa Colony in Brazoria County, was in the mall area and was flagged down by Graff, who explained the situation. The mall area where Hall was flagged down was in Harris County. Hall got out of his car, approached Thomas and identified himself. Thomas drew a knife, made a verbal threat, and thrust the knife at Hall several times, cutting his police jacket. Thomas then fled. Hall got back in his car, caught up with Thomas, and got out of his vehicle. Thomas again made a verbal threat and lunged at Hall with the knife. Hall pulled his gun and fired at Thomas, causing Thomas to flee. Hall called for assistance, and Thomas was arrested a short time later by members of the Houston Police Department.

Thomas's contention that the evidence is insufficient to support the verdict might fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rivera v. State*, 808 S.W.2d 80, 91 (Tex.Crim.App.1991). In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. The trier of fact is free to accept or reject any or all of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418 (Tex. Crim.App.1992).

■ Thomas first contends that there was no evidence or insufficient evidence that Hall was functioning as a peace officer at the time of the assault. Hall was outside of the City of Iowa Colony, where he served as Chief of Police. Thomas was indicted under TEX.PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon Supp.1993), which provides that aggravated assault occurs when a person commits assault by threatening a peace officer with a deadly weapon while the peace officer is lawfully discharging an official duty.

■ Article 2.12(3) of the Code of Criminal Procedure provides that marshals or police officers of incorporated cities, towns, and villages are peace officers. TEX.CODE CRIM. PROC.ANN. art. 2.12(3) (Vernon Supp.1993). The Texas Court of Criminal Appeals has recognized that both common law and statutory law limit a peace officer's authority to his own geographic jurisdiction. *See* Gerald S. Reamey and J. Daniel Harkins, *Warrantless Arrest Jurisdiction in Texas: An Anal-*

ysis and A Proposal, 19 ST. MARY'S L.J. 877 n. 120 (1988) (and cases cited therein). The Court of Criminal Appeals has also held that a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office. An exception is made in Sections 341.001 and 341.021 of the Local Government Code, which provides that a city police officer has the same power and jurisdiction as the county sheriff. TEX.LOC.GOV'T CODE ANN. §§ 341.001, 341.021 (Vernon 1988). City police jurisdiction under this statute has been interpreted to extend county-wide, not only to the power to arrest, but also to perform all acts necessary for the suppression of crime. *Morris v. State,* 802 S.W.2d 19 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd); *Bacon v. State,* 762 S.W.2d 653 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The court in *Angel v. State,* found that jurisdiction in these articles referred to the limits or territory within which authority could be exercised. 740 S.W.2d 727, 732–34 (Tex.Crim.App.1987).

 Hall, however, was a peace officer in Iowa Colony, which is located in Brazoria County. The events for which Thomas is charged occurred in Harris County. Therefore, Sections 341.001 and 341.021 of the Local Government Code did not provide Hall with jurisdiction as a peace officer. This limitation is also expressed in *Angel v. State.* Under a 1987 amendment to TEX.CODE CRIM. PROC.ANN. art. 14.03(d) (Vernon Supp.1993), a peace officer who is outside his or her jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or violation of Title 9, Chapter 42 of the Penal Code. The State contends that Thomas was still in the course of committing the robbery at the time Hall appeared on the scene and thus a felony was committed in his presence or view.

The immediate flight from a robbery constitutes a part of the crime. *See Lightner v. State,* 535 S.W.2d 176 (Tex.Crim.App.1976). We find no case, however, in which flight, without any other indications that a crime has been committed, is sufficient to fulfill the requirement that the crime be committed in

the view or presence of a police officer. The term *presence,* in the context of a crime being committed in the presence of a police officer, is satisfied if the violation occurs within reach of the officer's senses. *See Taylor v. McDonald,* 346 F.Supp. 390 (N.D.Tex.1972). The requirement in this type of statute of the "in presence" test is to prevent warrantless arrests based solely on information from third parties. Previously acquired knowledge and experience when coupled with present personal observations may cause an officer to believe that an offense is being committed in the officer's presence. Perceived events must be out of the ordinary, suspicious, and tie the suspect to a criminal act. *See Stull v. State,* 772 S.W.2d 449, 452 (Tex.Crim.App.1989). In the present case, however, we cannot say that there was sufficient personal observation to cause the officer to believe an offense was being committed in his presence. Thomas was not running away, but was walking away from the scene. He did not have the tires with him; therefore, Hall relied solely upon the statement of Graff in determining that a crime had been committed. This did not constitute a felony being committed in Hall's presence or view; so Hall was acting initially as a citizen, not as a peace officer.

When Hall asked Thomas to stop, Thomas turned and assaulted Hall with a knife. Hall described the knife in his testimony and testified that in his opinion the knife was a deadly weapon. Such an assault on any person (not necessarily a peace officer) with a deadly weapon is a felony under TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1993). *See Hawkins v. State,* 605 S.W.2d 586 (Tex. Crim.App. [Panel Op.] 1980). This was a felony that occurred in Hall's presence, and thus Hall was authorized as a peace officer to pursue and arrest Thomas.

 After this encounter, Hall got back into his car and chased Thomas to a field. Thomas again verbally threatened him and attempted to stab him with the knife. At the point of this second attack, there was no question that Hall was functioning as a peace officer because a felony had been committed in his presence and view. Hall had identified himself as a police officer to Thomas three

times during the course of the pursuit, and Hall was wearing his police uniform. Thomas had no right to use a knife to resist his arrest even if the initial arrest had been unlawful. Prior to the enactment of the present Penal Code, an arrested party had a right to extricate himself from or prevent his unlawful arrest. *See Duke v. State,* 168 Tex. Crim. 403, 328 S.W.2d 189 (1959). Under the present Section 38.03 of the Penal Code, however, the fact that the arrest or search was unlawful is no defense to resisting an arrest or search. TEX.PENAL CODE ANN. § 38.03 (Vernon 1989 & Supp.1993); *see Barnett v. State,* 615 S.W.2d 220 (Tex.Crim.App. [Panel Op.] 1981). In *Gonzalez v. State,* 574 S.W.2d 135 (Tex.Crim.App. [Panel Op.] 1978), the Court of Criminal Appeals overruled the line of cases that required the arrest to be lawful for the officer to be in the lawful discharge of his official duty. Therefore, whether Hall was legally functioning as a peace officer at the time of his initial contact with Thomas is not relevant to our inquiries, because even if Hall was not functioning as a peace officer when he first asked Thomas to stop, Thomas was not justified in using a knife to resist.

The evidence in the present case shows that Hall was a peace officer lawfully discharging an official duty at the time of the last attack with a knife by Hall. Applying the standards we have previously set forth, we find the evidence factually and legally sufficient on these points. These points of error are overruled.

■ Thomas next contends that the evidence is insufficient to prove the portion of the indictment and the charge alleging that Paul Wolfe was the owner of the three tires appropriated by Thomas. Wolfe's ownership of the property taken in the robbery may be proved by showing that Wolfe had a greater right to ownership than did Thomas because he was an employee of the company which owns the tires. A store employee has sufficient interest in property taken during the course of a robbery to qualify as *owner* of the property under the robbery statute. *Deloney v. State,* 734 S.W.2d 6 (Tex.App.–Dallas 1987, pet. ref'd). An employee has a greater right to ownership than a person having no

connection with the business. *Smallwood v. State,* 607 S.W.2d 911 (Tex.Crim.App. [Panel Op.] 1979); *Coleman v. State,* 699 S.W.2d 598 (Tex.App.–Texarkana 1985, no pet.). Applying the standards we have previously set forth, we find the evidence factually and legally sufficient on these points. These points of error are overruled.

■ In his final point of error, Thomas contends that the evidence was insufficient to support his conviction because deadly force was not used to obtain or maintain control over the three tires. The robbery statute, Section 29.02 of the Penal Code, requires that in the course of committing theft and with intent to obtain or maintain control of the property, the person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). Thomas contends that his threat with a knife occurred while he was fleeing and thus was not while he was attempting to obtain control of the property.

The court addressed this contention in *White v. State,* 671 S.W.2d 40 (Tex.Crim.App. 1984). In the *White* case, the Court concluded that a purse snatcher who, while trying to escape, shot a pursuing bystander, could be convicted of aggravated robbery. The Court referred to the practice commentary after Section 29.02, which explained the changes in the section. The language of this statute has been broadened adding the term "in the course of committing theft." This term is defined in Section 29.01 to include not only violent conduct before a completed theft, but also violence accompanying an unsuccessful attempted theft and violence accompanying an escape immediately subsequent to a completed or attempted theft. TEX.PENAL CODE ANN. § 29.01 (Vernon 1989). Thus, the assault made by Thomas while trying to flee can be considered to fulfill the requirements of using or exhibiting a deadly weapon. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1993).

Thomas contends that the rule laid down by the *White* case was changed by *Ibanez v. State,* 749 S.W.2d 804 (Tex.Crim.App.1986). In *Ibanez,* the Court, interpreting and applying the capital murder statute, required that

there be a nexus between the murder and the theft. The Court found in *Ibanez* that, in order to convict the defendant of capital murder under the felony-murder section, the State had to disprove the defendant's assertions that he strangled his victim out of anger and fear and not in order to obtain and maintain control of the victim's car. The defendant in *Ibanez* claimed he merely used the car to flee. Thus, the defense in the *Ibanez* case was that the assaultive act was complete before the theft was contemplated. This does not parallel the present case in which the assaultive act occurred while Thomas was attempting to rob the store.

We find that the evidence showing the use of a deadly weapon during the immediate flight after the robbery was both factually and legally sufficient to support the conviction of aggravated assault. This point of error is overruled.

The judgment of the trial court is affirmed.