

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00774-CR

David Taije **CASTLEBERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 23-03-0061-CRA
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: March 4, 2026

AFFIRMED

David Taije Castleberry appeals his conviction for murder. He argues the trial court erred by denying his motion to suppress evidence obtained following his detention and by failing to include an accomplice witness instruction in the jury charge. Because the suppression issue was not preserved for appellate review and the record otherwise supports the trial court's rulings, we affirm the conviction.

FACTUAL BACKGROUND

On January 3, 2023, police discovered the body of Lucio Carmona, III, on the side of the road near Pleasanton, Texas. He had suffered a fatal gunshot wound to the chest. In the course of the investigation, law enforcement learned that the victim had last been seen at a motel, getting into a small silver car with Castleberry and his girlfriend, Clarissa Guillen. A few days later, as investigators were at the motel processing the victim's car and personal belongings, they learned that Castleberry was expected to return to the motel within a short period of time. Based on that information, Atascosa County investigators remained at the motel in Bexar County, hoping to encounter Castleberry.

As investigators awaited Castleberry, they positioned four Atascosa County police vehicles at various locations near the motel. A short while later, Castleberry and his girlfriend, Clarissa Guillen, arrived at the motel in a car matching the description of the car in which the victim was last seen. As Castleberry entered and parked in the motel parking lot, the four Atascosa County police vehicles activated their emergency lights and converged on Castleberry's car, boxing it into the parking space. During the course of the stop, investigators, communicating with dispatch, learned that the car Castleberry was driving had been reported stolen and that both Castleberry and Guillen had outstanding arrest warrants. Police took possession of the vehicle and transported Castleberry and Guillen back to Atascosa County, where Castleberry was eventually indicted for the murder. Prior to trial, Castleberry filed a motion to suppress the evidence obtained as a result of the stop. The trial court denied Castleberry's motion. He was ultimately tried by a jury, convicted, and sentenced to life in prison.

ANALYSIS

I.    MOTION TO SUPPRESS

In his first point of error, Castleberry challenges the trial court's denial of his motion to suppress the evidence obtained following his detention at the motel in Bexar County. Specifically, he contends law enforcement lacked both jurisdiction and reasonable suspicion to detain him and that all evidence obtained thereafter should have been suppressed as the fruit of an unlawful detention.

A.  Preservation

Castleberry filed a pretrial motion to suppress, litigated a full evidentiary hearing, and obtained an adverse ruling. At trial, however, defense counsel repeatedly stated "no objection" when the State offered the very evidence challenged in the motion to suppress, including the murder weapon, DNA evidence, photographs, phone extractions, and related testimony. Counsel did not request a running objection, incorporate the pretrial ruling into the trial proceedings or otherwise indicate that admissibility remained contested following the suppression hearing.

An affirmative statement of "no objection" forfeits appellate review of a prior suppression ruling unless the record demonstrates an intent to preserve the complaint and an understanding of that intent by the trial court. *Thomas v. State*, 408 S.W.3d 877, 885-86 (Tex. Crim. App. 2013). When the record does not clearly reflect such intent and understanding, abandonment is presumed. *Id*. at 885-86; *compare Ibanez-Barrera v. State*, No. 04-23-00011-CR, 2025 WL 782698, at *7 (Tex. App.—San Antonio Mar. 12, 2025, no pet.) (noting waiver where counsel stated "no objection" to admission of a custodial interview that was the subject of a pre-trial motion to suppress where there was no contextual indication of intent to preserve the complaint) *with Chavez v. State*, No. 04-23-00777-CR, 2024 WL 5151172, at *5 (Tex. App.—San Antonio Dec. 18, 2024,

pet. ref'd) (finding no waiver where counsel renewed the suppression objection during a mid-trial bench conference, despite later stating "no objection" when the evidence was admitted).

Because we find nothing in this record to indicate that defense counsel intended to preserve the suppression issue following the pretrial ruling, the complaint was not preserved for appellate review. This conclusion alone supports affirmance; however, given the sentence imposed, we will nevertheless address the merits in the alternative.

### B. Standard of Review

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard. *State v. Espinoza*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023); *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). When the trial court does not file findings of fact, we assume that the trial court made implicit findings that support its ruling, as long as those implied findings are supported by the record. *Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021); *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We give almost total deference to the trial court's factual determinations and review *de novo* whether those facts are sufficient to give rise to reasonable suspicion. *Lerma v. State*, 543 S.W.3d 184, 189-90 (Tex. Crim. App. 2018); *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018).

### C. Reasonable Suspicion

The parties do not dispute that Castleberry was detained. Multiple officers converged on his vehicle as he parked in a motel parking lot, activated emergency lights, blocked his vehicle so he could not leave, and approached his vehicle with guns drawn. This conduct clearly constitutes a detention. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 243-49 (Tex. Crim. App. 2008); *State v. Jennings, 511 S.W.3d 306, 309 (Tex. App.—San Antonio 2016, no pet.)*. The dispositive question is whether officers had reasonable suspicion to justify that detention. The sequence of events

surrounding the detention, and the information known to officers at the time, are central to that inquiry.

A law enforcement officer may briefly detain an individual for investigative purposes if the officer has reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A law enforcement officer's reasonable suspicion must be based on specific, articulable facts that, in the light of his experience and the totality of the circumstances, would lead him to reasonably suspect criminal activity. *Id.*; *State v. Cortez*, 543 S.W.3d at 204; *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Each case involving an investigatory stop must be evaluated objectively, under the totality of the circumstances, to determine whether the officer acted reasonably. *Id*

The central issue during Castleberry's suppression hearing was the point at which officers learned that the vehicle Castleberry was driving had been reported stolen. Castleberry contends that if the officers did not know that the car he was driving was stolen before they stopped him, the officers had no reasonable basis for the stop. Dispatch records and investigator testimony reflected that the officers were in communication with dispatch during the encounter at the motel and that they received information concerning the vehicle's status in close temporal proximity to the detention. One interpretation of the evidence supports the conclusion that officers were advised the vehicle was stolen *before* the stop occurred, while other testimony suggests that confirmation of the vehicle's status occurred *during* the encounter with Castleberry.

Resolving that discrepancy required the trial court to assess the credibility of the witnesses and to make a conclusion regarding the sequence of events. As the sole trier of fact at the suppression hearing, the trial court was entitled to resolve conflicts in the testimony and we must

defer to those determinations when they are supported by the record. Viewing the evidence in the light most favorable to the ruling, the record supports the conclusion that officers knew the vehicle had been reported stolen before they detained Castleberry. Because driving a vehicle that has been reported stolen provides reasonable suspicion to detain the driver to investigate the unauthorized use of a motor vehicle, the trial court did not err in denying Castleberry's motion to suppress. *See Delk v. State*, 855 S.W.2d 700, 709–10, 712 (Tex. Crim. App. 1993) (concluding officers had reasonable suspicion to detain defendant after officer "ran a license check on a vehicle" in law enforcement database, and result indicated car had been stolen); *Sanders v. State*, No. 04-24-00604-CR, 2026 WL 99155, at *3 (Tex. App.—San Antonio Jan. 14, 2026, no pet. h.) (finding reasonable suspicion to stop a vehicle reported stolen).

### D. Jurisdiction

Castleberry further contends his detention violated Article 14.03 of the Texas Code of Criminal Procedure because the Atascosa County Sheriff's office did not have jurisdiction in Bexar County. Generally, "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Garcia v. State*, 296 S.W.3d 180, 184 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

However, there are several statutory exceptions to this general premise. Specific to this case, article 14.03 provides that "[a] peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony…," TEX. CODE CRIM. PROC. ANN. art. 14.03(d). Article 14.03(d) also applies when an officer, outside of his jurisdiction, makes an investigative detention based on reasonable suspicion. *Id*.

Thus, if a peace officer is outside the officer's home jurisdiction and has knowledge that, when combined with his personal observations, causes him to believe a felony offense is being committed in his presence, then the officer may lawfully detain or arrest the suspect. *Martinez v. State,* 261 S.W.3d 773, 775 (Tex. App.—Amarillo 2008, pet. Ref'd); *Leonard v. State,* 135 S.W.3d 98, 103 (Tex. App.—Texarkana 2004, pet. Ref'd); *Thomas v. State,* 864 S.W.2d 193, 196 (Tex. App.—Texarkana 1993, pet. Ref'd). The unauthorized use of a motor vehicle is a felony. TEX. PEN. CODE ANN. § 31.07. Therefore, because the trial court concluded that investigators reasonably believed Castleberry was driving a stolen vehicle in their presence, it did not err in dismissing Castleberry's jurisdiction argument and denying the motion to suppress.

Castleberry's first point of error is overruled.

## II. ACCOMPLICE WITNESS INSTRUCTION

In his second point of error, Castleberry contends the trial court erred by failing to include an accomplice-witness instruction under Article 38.14 of the Code of Criminal Procedure with respect to the testimony of Clarissa Guillen. He argues Guillen was an accomplice whose testimony required corroboration and that, without the instruction, the jury was permitted to consider her testimony improperly.

Article 38.14 provides that a conviction cannot be had on the testimony of an accomplice unless that testimony is corroborated by other evidence. TEX. CODE CRIM. PROC. art. 38.14. However, "it is a firmly established principle in this state that testimony elicited from a witness called by the accused and offered by the accused is not accomplice-witness testimony which must be corroborated as contemplated under Article 38.14." *Selman v. State*, 807 S.W.2d 310, 311 (Tex. Crim. App. 1991)."Accomplice-witness testimony must be corroborated and the jury so instructed only when the State calls the witness and seeks to rely on such witness's testimony." *Id*.; *see*

*Johnson v. State*, 853 S.W.2d 527, 530–31 (Tex. Crim. App. 1992) (holding instruction under Article 38.14 does not apply where state closes its case in chief without calling the accomplice and the accomplice testifies as a defense witness); *Everett v. State*, No. 07-00-0583-CR, 2002 WL 1917687, at *1 (Tex. App.—Amarillo Aug. 20, 2002, no pet.) (same); *O'Brien v. State*, No. 03-96-00670-CR, 1997 WL 746402, at *3 (Tex. App.—Austin Dec. 4, 1997, no pet.) (same); *Oliver v. State*, No. 01-93-01069-CR, 1994 WL 649097, at *4 (Tex. App.—Houston [1st Dist.] Nov. 17, 1994, pet. ref'd) (same).

In this case, Guillen was not called by the State nor was her testimony offered by the State. Rather, Guillen was called as a witness for the defense after the State had rested its case in chief. Because this is not the type of evidence which must be corroborated under the statute, no accomplice-witness instruction was required. *See id.*

Even assuming that the trial court erred by failing to submit an accomplice-witness instruction, Castleberry did not object to the charge. Accordingly, our review of the error would be limited to a determination of egregious harm. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). Under the *Almanza* standard, unobjected to charge error warrants reversal only if the error was so serious that it deprived the defendant of a fair trial. *Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005).

When assessing harm under Article 38.14, we examine whether non-accomplice evidence tends to connect the defendant to the offense. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Even without Guillen's testimony in this case, the jury heard substantial non-accomplice evidence connecting Castleberry to the murder. Surveillance video placed him with the victim shortly before his death, and additional surveillance video placed him at the bank with the victim, where bank records show the victim withdrew a large sum of cash. The gun in

Castleberry's possession matched to the bullet that killed the victim, the victim's blood was matched to blood in Castleberry's car, the victim's identifying documents were found in Castleberry's wallet, and photographs were taken shortly after the murder depicting Castleberry with the gun and large amounts of cash. The jury also heard digital and location-based evidence corroborating the timing and movements reflected in the surveillance footage and undermining Castleberry's explanation of events. Evidence was also presented regarding the manner and means of the victim's death, the time of the offense, and the discovery and disposition of the victim's body.

Viewed cumulatively, this non-accomplice evidence provided the jury with sufficient evidence to find Castleberry guilty independent of Guillen's testimony. *See Herron v. State*, 86 S.W.3d 621, 632-33 (Tex. Crim. App. 2002) (discussing strength of non-accomplice evidence necessary for the error in omitting an accomplice witness instruction to be considered harmless). The State's case did not hinge on Guillen, nor did her testimony supply an essential link in the proof of guilt. Under these circumstances, the absence of an accomplice witness instruction did not affect the basis of the case, deprive Castleberry of a valuable right, or render the trial fundamentally unfair. Accordingly, even assuming the instruction should have been given, Castleberry has failed to demonstrate egregious harm. His second point of error is overruled.

The judgment of the trial court is affirmed.

H. Todd McCray, Justice

DO NOT PUBLISH